611 A.2d 1325

Lana K. ROMEO

v.

**Michael J. ROMEO, Appellant.**

Superior Court of Pennsylvania.

Submitted June 18, 1992.

Filed Aug. 20, 1992.

Anthony J. Magnotta, Hawley, for appellant.

Lila F. Levy, Milford, for appellee.

Before ROWLEY, President Judge, and HUDOCK and BROSKY, JJ.

ROWLEY, President Judge:

Appellant Michael J. Romeo ("Husband") and appellee Lana K. Romeo ("Wife") were divorced on September 28, 1990. In an order entered December 5, 1991, the trial court, responding to Wife's request, modified certain aspects of the equitable distribution and child support provisions that had been incorporated in the divorce decree. In this timely appeal from that order, Husband contends that the trial court's modifications are unsupported by the evidence. For the reasons set forth below, we affirm the order of the trial court.

Before considering the merits of Husband's claims, we are required to address a more fundamental issue, one that has not been raised by the parties or the trial court: Did the trial court improperly modify a final, unappealed decree of equitable distribution? We turn first to the procedural history of the case, which is as follows: Following a hearing, the master filed recommendations as to the parties' economic claims. Of those recommendations, the following are pertinent to this appeal:

1) Wife would continue living in the marital residence and would pay the first and second mortgages, taxes, and insurance until such time as both parties decided to sell the residence; a commercial lot owned by the parties would be listed for sale at a price to which both parties agreed; when

the properties were sold, Wife would receive 66.66% and Husband 33.33% of the proceeds.

2) Husband would continue to provide health insurance for the children.

Neither party filed exceptions to the master's report and recommendations, and a decree of divorce was entered on September 28, 1990. On the decree is the following printed statement: "The court retains jurisdiction of the following claims which have been raised of record in this action for which a final order has not yet been entered[.]" In response, the Honorable Harold A. Thomson, Jr., has written "none; the recommendations of the master in his report of September 6th, 1990 are adopted and incorporated herewith." This was not only a final decree of divorce, therefore, but also a final decree of equitable distribution. No appeal was taken from the final decree.

On May 24, 1991, some eight months later, Wife filed a "motion to modify order of court dated September 28, 1990." The "order" referred to was, of course, the final decree. Wife asserted in her motion that although the parties had executed listing agreements for the properties, the asking prices were no longer realistic and she lacked the resources to continue to pay the mortgages, taxes, interest, and insurance. In addition, she noted that the parties' children incurred unusual medical expenses because they suffered from hemophilia. Wife asked "that a modification of the said agreement be entered requiring [Husband] to share the costs of the mortgage, interest, taxes and insurance, pending the sale of the properties and for [Husband] to be required to execute listing agreements which lower the asking prices of the parcels which represents the fair market value of the properties, and that [Husband] be responsible for all of the children's medical needs." Along with her motion to modify, Wife filed a document entitled "Petition of Lana Romeo" in which she asserted, *inter alia,* that Husband had refused her request to execute listing agreements reducing the price of the marital home.

Husband filed a reply to Wife's petition and an answer to her motion to modify, and the trial court directed that the matter be heard by the master who had heard the parties' economic claims prior to their divorce. Following a hearing, the master filed a "modification of master's report" which included the following recommendations:

1) Title to the vacant lot would be conveyed to Husband, and title to the marital residence would be conveyed to Wife subject to both mortgages, which Wife would pay. According to the master's calculation of the value of the properties, this arrangement would closely approximate the original 33%/66% division.

2) Husband would pay all of the children's medical bills.

Husband filed exceptions to the modification of the master's report, and Wife filed answers to Husband's exceptions. In an order entered December 5, 1991, the trial court denied Husband's exceptions and made the modification of the master's report an order of the court. Husband's timely appeal followed.

The Divorce Code makes no provision for a "modification" of a final decree of equitable distribution, and in fact it is settled law that such a decree is non-modifiable. The Code provides, however, that

[t]he courts shall have original jurisdiction in cases of divorce ... and shall determine, in conjunction with any decree granting a divorce ... the following matters, if raised in the pleadings, and issue appropriate decrees or orders with reference thereto, *and may retain continuing jurisdiction thereof:*

(1) The determination and disposition of property rights and interests between spouses....

23 Pa.C.S. § 3104(a)(1) [formerly 23 P.S. § 301(a)(1)] (emphasis added). In addition, 23 Pa.C.S. § 3502(e) provides as follows:

**(e) Powers of the court.**—If, at any time, a party has failed to comply with an order of equitable distribution, ... the court may, in addition to any other remedy

available under this part, in order to effect compliance with its order:

.  .  .  .  .

(4) order and direct the transfer or sale of any property required in order to comply with the court's order;

.  .  .  .  .

23 Pa.C.S. § 3502(e)(4) [formerly 23 P.S. § 401(k)(4)]. Finally, we note that Pa.R.C.P. 1920.43 provides for the filing of a petition for special relief, as follows:

(a) At any time after the filing of the complaint, on petition setting forth facts entitling the party to relief, the court may, upon such terms and conditions as it deems just, including the filing of security,

(1) issue preliminary or special injunctions necessary to prevent the removal, disposition, alienation or encumbering of real or personal property . . .; or

(2) order the seizure or attachment of real or personal property; or

(3) grant other appropriate relief.

Pa.R.C.P. 1920.43(a). The granting of such relief is an exercise of the trial court's equitable powers. *Jawork v. Jawork*, 378 Pa.Super. 89, 96, 548 A.2d 290, 293 (1988). This Court has held that "petitions for special relief are not limited to the period when an action is pending[,]" since "[i]t is easily conceivable that, after the final disposition of all matters in the divorce action, a party may need the assistance of the court in enforcing some portion of its order." *Id.*, 378 Pa.Superior Ct. at 94 n. 6, 548 A.2d at 292 n. 6.

Although Wife did not attach the label "petition for special relief" to her motion to modify and accompanying petition, she asserted therein that Husband's refusal to list the marital residence at a reasonable price had, in effect, denied her the benefit of the equitable distribution scheme adopted by the court. We conclude, therefore, that Wife petitioned the court for special relief and that the court properly entertained her petition. The trial court's disposi-

tion thereof will not be reversed by this Court absent an abuse of discretion. *Id.*, 378 Pa.Superior Ct. at 96, 548 A.2d at 293.

Husband contends, first, that the evidence of record does not support the findings of fact upon which the master based his recommendation that Wife be awarded the marital residence and Husband the commercial lot. He asks that we reverse the order of December 5, 1991, and reinstate the order of September 28, 1990. Having reviewed the master's report as modified, we conclude that it is based on the evidence of record and that it provides an equitable resolution of the parties' dilemma. Although the solution recommended by the master is not the same as that proposed by Wife in her petition, the master's solution acknowledges that "[a]ny recommendation that would attempt to keep the parties together in the disposal of any property in all likelihood would only invite further litigation and costs" (Modification of Master's Report at 4). Accordingly, we conclude that the trial court did not abuse its discretion in adopting the master's recommendation as to the disposition of the real property owned by the parties.

Husband's second claim, which occupies only one paragraph in his brief, is that the trial court's order that he pay all of the medical bills for the parties' hemophiliac sons "is clearly based upon conjecture by the Master as to what the special needs of the children are" (Brief for Appellant at 12). To the contrary, the record shows that the children require office visits which are not covered by Husband's Blue Cross/Blue Shield plan and for which Wife has difficulty paying. Given these facts, we conclude that the trial court did not abuse its discretion in modifying the order of child support.

Order affirmed.