683 A.2d 1214

**Beverly LOWENSCHUSS, Appellant,**

v.

**Fred LOWENSCHUSS, Appellee.**

Superior Court of Pennsylvania.

Argued June 25, 1996.

Filed Sept. 12, 1996.

Tom P. Monteverde, Philadelphia, for appellant.

Thomas E. Groshens, Philadelphia, for appellee.

Before DEL SOLE, TAMILIA and BROSKY, JJ.

DEL SOLE, Judge:

Beverly Lowenschuss (now Selnick) appeals from the trial court's refusal to conditionally modify an equitable distribution order to restate the order as a Qualified Domestic Relations Order under ERISA. We vacate the trial court's order and remand for further proceedings.

Beverly Lowenschuss (Wife) and Fred Lowenschuss (Husband) separated in 1981 and since then have been in constant litigation. On July 10, 1991, the Honorable Albert W. Subers entered an order granting a divorce and distributing marital property. One of the marital assets was Husband's pension plan, which was valued at over $8,000,000. The court awarded Wife 38.7% of the pension plan and increased her proportion of other marital assets to attain a 50%–50% distribution. The pension fund is completely managed by Husband and he has never paid Wife the amount due her under Judge Subers' order. Instead, Husband filed for reorganization in Bankruptcy Court in Nevada. There, he claimed that the assets of the pension plan and his interest in the plan were exempt from Wife's claim under the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. § 1001 *et seq.* Assets in a pension plan governed by ERISA are exempt in bankruptcy from claims of creditors unless the claim emanates from a Qualified Domestic Relations Order (QDRO). *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). However, a plan is not governed by ERISA unless there is more than one participant. In Bank-

ruptcy Court, Husband has claimed, contrary to his prior testimony in the divorce proceeding, that his two sons are also participants in the pension plan and it is therefore governed by ERISA. After various proceedings in both Bankruptcy Court and United States District Court, Wife obtained an order permitting her to petition Judge Subers to conditionally restate the equitable distribution order as a QDRO so as to preserve her interest in the pension plan regardless of the bankruptcy court's ultimate decision as to whether or not ERISA applies. Judge Subers determined that he no longer had jurisdiction to modify an order that was entered four and one-half years before and denied Wife's petition. Wife then filed this appeal.

Wife first cites *In re Long*, 148 B.R. 904 (Bkrtcy. W.D.Mo.1992) as precedent for the proposition that "There is specific precedent ... for Judge Subers to grant Wife the relief which she has requested." Appellant's Brief at p. 21. In *In re Long*, the court held that the debtor's former spouse could return to state court to have a domestic relations order modified to meet the requirements of a QDRO which would then be honored by the bankruptcy court. *Long* does not require the state court to modify a domestic relations order; it speaks to the ability of the bankruptcy court to permit the former spouse to obtain such modification and its effect on the bankruptcy proceeding. It is precedent only for the action taken by the bankruptcy court and not the ability of Judge Subers to modify his order.

We need not look as far as bankruptcy law to find precedent for hearing Wife's request. Our own Supreme Court has held that such a petition can be heard and equitable modifications can be made to the decree in order to effectuate the court's intention in distributing the marital property. In *Wagoner v. Wagoner*, 538 Pa. 265, 648 A.2d 299 (1994), the husband sought modification of an alimony award which was an integral part of the distribution of marital assets. The trial court refused the request. The Supreme Court held, however, that the husband was not seeking to modify alimony payments because the award was made in lieu of a distribution of the

husband's pension benefits. Thus, the order was actually part of the equitable distribution and the petition was treated as a prayer for special relief under Pa.R.Civ.P. 1920.43. The Supreme Court held that the trial court did have the authority to make such a modification despite the fact that no appeal of the equitable distribution order had been taken and over nine months had elapsed from the entry of the decree. In *Romeo v. Romeo,* 417 Pa.Super. 180, 611 A.2d 1325 (1992), this court upheld a trial court order modifying an equitable distribution decree which had been entered eight months before.

In both of these cases, the modification was necessary to carry out the equitable distribution order and give the parties the benefits they were entitled to under the equitable distribution order. The same principle applies here. If the bankruptcy court holds that ERISA does apply, then Wife will be denied the share of Husband's pension plan to which she was entitled under the equitable distribution order. Conditionally modifying the equitable distribution order to alleviate that problem is within the trial court's jurisdiction.

Order vacated. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.