**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DALE E. SMITH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BARBARA A. SMITH, | |
| Appellee | No. 181 MDA 2014 |

Appeal from the Order December 31, 2013
in the Court of Common Pleas of Dauphin County
Civil Division at No.: 2002 CV 492

BEFORE:  DONOHUE, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 16, 2014**

Appellant, Dale E. Smith (Husband), appeals from the trial court's order granting the petition for special relief filed by Appellee, Barbara A. Smith (Wife), requesting enforcement of the court's divorce decree for the distribution of certain assets.  We affirm.

The trial court summarized the factual history of this case as follows:

This divorce matter has been in constant litigation since its inception in 2002 [when Husband filed a divorce complaint]. . . . [T]he instant appeal only pertains to an equitable distribution issue addressed in a Master's Report issued on July 26, 2013[.] . . .

The parties were married on August 2, 1980 and have two adult children.  During the marriage, [Husband] and [Wife]

---

[*] Retired Senior Judge assigned to the Superior Court.

acquired interests in certain businesses, held along with other family members. The business which is presently at issue is called HSD Properties, Incorporated [(HSD)].[1] HSD . . . was created in 1993 with Harry Smith and his four children, Wade Smith, Steven Smith, [Appellant] and Juanita Hannold as equal 20% shareholders.[2] While the divorce action was pending, HSD . . . entered into a lease contract with Chesapeake Energies for natural gas drilling rights on the Sullivan County property for the amount of $658,625.00, which resulted in a[n up-front bonus] monetary distribution of $131,725.00 to each shareholder. The share belonging to [the parties] was placed in escrow pending the resolution of the equitable distribution claim in the divorce action and has since been distributed.

(Trial Court Opinion, 4/10/14, at 1-2).

The trial court appointed a divorce master (Master) on April 13, 2010, who held five hearings from January 21, 2011 through October 11, 2012. On May 17, 2013, the Master filed a report (Master's Report), which stated in pertinent part that "[t]he parties have stipulated that they have an interest of 20% in HSD which includes the up-front bonus payment . . . [and] a 20% interest in the corporation going forward, which would include any money received as a result of the current lease or future leases." (Master's Report, 5/17/13, at 10). The Master recommended that "Wife

_____

[1] HSD owns approximately 263 acres in Sullivan County, Pennsylvania. (**See** N.T. Hearing, 9/16/11, at 61; Master's Report, 5/17/13, at 10).

[2] HSD is an S corporation and has not issued stock certificates to represent the shareholders' respective interests. (**See** Trial Court Opinion, 4/10/14, at 5, 11); **see also Krosnar v. Schmidt Krosnar McNaughton Garrett Co.**, 423 A.2d 370, 375 (Pa. Super. 1980) (stating that corporation need not issue stock certificates evidencing shareholder status unless issuance is demanded by shareholder).

receive 55% of the parties' interest in HSD and Husband receive 45%. That percentage distribution should be applied to the escrowed funds and to the corporation going forward." (*Id.* at 11). The Master also recommended that those same percentages apply to the parties' respective tax liabilities. (*See id.*). Neither party filed exceptions to the Master's Report.

On June 10, 2013, the trial court entered a divorce decree (Divorce Decree) in which it approved and incorporated the equitable distribution scheme set forth in the Master's Report. With respect to HSD, the court directed that "[Husband] shall receive . . . 45% of escrowed funds from gas lease bonus [and] 45% of the 20% interest in HSD going forward[.] . . . [Wife] shall receive . . . 55% of escrowed funds from gas lease bonus [and] 55% of the 20% interest in HSD going forward[.]" (Divorce Decree, 6/10/13, at unnumbered pages 1-2). Neither party appealed from the Divorce Decree.

On July 26, 2013, Wife filed a petition for special relief, seeking enforcement of the Master's Report and Divorce Decree.[3] Wife requested the court to order Husband to transfer eleven shares of HSD stock to her to

_____

[3] "[A] petition for special relief is an appeal to the equitable powers of the trial court." *Johnson v. Johnson*, 864 A.2d 1224, 1230 (Pa. Super. 2004), *appeal denied*, 878 A.2d 865 (Pa. 2005) (citation omitted). "[P]etitions for special relief are not limited to the period when an action is pending[,] since [i]t is easily conceivable that, after the final disposition of all matters in the divorce action, a party may need the assistance of the court in enforcing some portion of its order." *Romeo v. Romeo*, 611 A.2d 1325, 1328 (Pa. Super. 1992) (citation and internal quotation marks omitted).

memorialize her ownership interest in the company, allowing her to manage and control her interest and to receive tax documents directly from the company. (**See** Petition to Enforce Divorce Decree, 7/26/13, at unnumbered pages 1-4). Husband filed an answer on August 26, 2013, contending that a stock transfer was not appropriate where neither the Master's Report nor the Divorce Decree directed the transfer of stock, and provided only that Wife receive 55% of any future earnings and bear 55% of any liabilities. (**See** Answer to Petition to Enforce Divorce Decree, 8/26/13, at 3-4). The trial court heard argument on the issue on September 25, 2013. On December 31, 2013, the court entered its order granting Wife's petition. The order directed Husband "to transfer 55% of his 20% interest in HSD Properties, Inc. to Wife," and stated:

> The [c]ourt recognizes that HSD Properties, Inc. has not previously issued stock certificates to represent the shareholders' respective interest; rather, each of the owners has a percentage interest in the corporation. In order for Wife to enjoy any of the benefits and privileges in the corporation, considering the complexities of this case and the strained relationships between the parties and other owners of the corporation, this [c]ourt finds that the equitable solution is to order shares of stocks to be issued. In essence, Husband owns twenty (20) "shares" in the corporation, and Husband is hereby ordered to transfer eleven (11) of those "shares" to Wife to comply with the distribution of assets contemplated by the Master.
>
> It is this [c]ourt's fervent hope that the parties will be able to amicably resolve any procedural issues with respect to the issuance of the stock certificates outlined above. However, should that not be the case, then each party shall submit to this court within the next thirty (30) days, a **reasonable** proposal as to how the transfer of assets can best be accomplished.

(Order, 12/31/13, at 1-2) (emphasis original).

On January 29, 2014, Husband filed a proposal in which he advocated, in lieu of the stock transfer, that he continue to pay Wife 55% of any income he received from the company, and that Wife continue to pay her share of any expenses.[4] (**See** Husband's Proposal, 1/29/14, at 1-2). On that same date, Husband filed a timely notice of appeal from the December 31, 2013 order and a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). The trial court filed a Rule 1925(a) opinion on April 10, 2014. **See** Pa.R.A.P. 1925(a).

Husband raises the following issues for our review:

1. The trial [c]ourt erred by ordering [Husband] to transfer 55% of his 20% interest in HSD Properties, Inc. to . . . Wife where the Divorce Decree only ordered Wife receive "55% of the 20% interest in HSD going forward" and ordered . . . Husband receive 45% of the 20% interest in HSD going forward[?]

2. The trial [c]ourt erred in ordering . . . Husband to transfer 55% of his 20% interest in HSD Properties, Inc. to . . . Wife when the Divorce Master's Report issued May 15, 2013 did not recommend that 55% of Husband's 20% interest in HSD Properties, Inc. be transferred to Wife and Wife failed to file an Exception to the Master's Report[?]

3. The trial [c]ourt erred by modifying the Master's Report recommendation that stated Wife should receive "55% of the 20% interest in HSD going forward" to direct Husband to transfer ownership of 55% of his 20% interest in HSD

_____

[4] Wife did not submit an alternative proposal because she wholly supports the directive contained in the court's December 31, 2013 order. (**See** Wife's Brief, at 5, 11).

Properties, Inc. to Wife, when no [e]xceptions were filed by Wife to the Master's Report and where no stock shares have been previously issued by HSD Properties, Inc. to Husband[?]

4. The trial [c]ourt erred in ordering Husband to transfer 11 of 20 shares of HSD stock to Wife when no shares have ever been issued to Husband[?]

5. The trial [c]ourt erred in ordering that shares of HSD Properties, Inc., a closely held family corporation, shall be transferred to Wife when HSD Properties, Inc. is not a party to the instant action[?]

6. The trial [c]ourt erred in ordering Husband to issue stock shares to Wife when no stock shares have been issued to Husband and Husband only has a minority interest of 20% in HSD Properties, Inc[?]

7. The trial [c]ourt erred in ordering Husband and Wife to submit a "reasonable proposal as how the transfer of assets can be best accomplished" where Husband has no shares of stock and HSD Properties, Inc. is not a party to this action[?]

8. The trial [c]ourt erred in ordering non-issued shares of stock be transferred to Wife by HSD Properties, Inc, a closely held family corporation, that has no non blood relative owners when HSD Properties, Inc. is not a party to this [d]ivorce action[?]

9. The trial [c]ourt erred in ordering a distribution to . . . Wife of an asset . . . Husband does not possess or have within his control[?]

(Husband's Brief, at 8-9).

Preliminarily, we note that, while Husband purports to raise nine separate issues in his statement of questions involved, the argument section of his brief consists of only one section, in which he essentially argues that the trial court abused its discretion in ordering the stock issuance and

- 6 -

transfer.[5]  (**See id.** at 8-9, 18-25).   We will therefore address Husband's

claims on appeal as one issue.

We review a trial court's decision to grant special relief in a divorce

action under an abuse of discretion standard:

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration.  Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.  Similarly, the trial court abuses its discretion if it does not follow legal procedure.

**Prol v. Prol**, 935 A.2d 547, 551 (Pa. Super. 2007) (citation omitted).

On appeal, Husband argues that the trial court abused its discretion in

ordering him to transfer eleven shares of HSD stock to Wife.   (**See**

Husband's Brief, at 18-25).   He contends that, although the Divorce Decree

awarded 55% of his 20% interest in HSD to Wife, it did not direct a stock

transfer to Wife, and the court misinterpreted the Master's Report and the

---

[5] Husband's brief fails to comply with Pennsylvania Rule of Appellate Procedure 2119(a), which states: "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."  Pa.R.A.P. 2119(a); **see also** Pa.R.A.P. 2116.  Because we are able to discern the crux of Husband's argument on appeal, we decline to find waiver.  **See** Pa.R.A.P. 2101 (authorizing quashal where briefing defects substantial); **see also Cresswell v. End**, 831 A.2d 673, 675 n.1 (Pa. Super. 2003) (declining to find waiver where gravamen of appellants' argument apparent from brief).

Divorce Decree by requiring an actual stock transfer. (***See id.***, at 16, 26). He asserts that a stock transfer is not appropriate because, thus far, he has fully complied with the equitable distribution scheme set forth in the Divorce Decree by transferring monies to Wife and he "agrees [to] continue to tender to Wife 55% of any of his 20% of interest in HSD Properties that he receives." (***Id.*** at 20). He also argues that the court does not have the power to direct HSD to issue stock certificates, where the company is not a party to this action. (***See id.*** at 21). This issue does not merit relief.

"[T]he Divorce Code grants trial courts broad powers to enforce orders of equitable distribution, and provides remedies available against one who fails to comply with a court's order of equitable distribution." ***Prol***, ***supra*** at 553 (citation omitted). These powers include the ability for the court to "order and direct the transfer or sale of any property required in order to comply with the court's order[.]" 23 Pa.C.S.A. § 3502(e)(4).

Section 3504 of the Divorce Code provides, in pertinent part: "[W]henever a decree of divorce or annulment is entered by a court of competent jurisdiction, both parties whose marriage is terminated or affected shall have **complete freedom of disposition** as to their separate real and personal property[.]" 23 Pa.C.S.A. § 3504 (emphasis added).

Here, the trial court determined a stock transfer from Husband to Wife was necessary to implement the equitable distribution plan set forth in the Divorce Decree, which specifically granted Wife fifty-five percent of the parties' twenty percent ownership interest in HSD. (***See*** Divorce Decree,

6/10/13, at unnumbered page 2; Master's Report, 5/17/13, at 10-11). The court also concluded that, under the facts of this case, given the protracted litigation, strained relationship between the parties, and lax method by which Husband's family maintains HSD[6], a stock transfer is the most appropriate means of protecting Wife's separate ownership interest in the company and allowing her to control it. (**See** Trial Ct. Op., at 1, 5, 10-13); **see also** 23 Pa.C.S.A. § 3504. The court found that Husband had the ability to request that HSD issue shares of stock[7], and it explained its rationale for directing the stock transfer as follows:

> . . . [I]f this [c]ourt were to accept Husband's position on this matter, [W]ife would be placed in a position where she would have to trust that [H]usband would honor his duty to distribute any proceeds and disseminate any necessary information to [W]ife going forward. Wife would be placed in the precarious position of trusting a former spouse after the breakdown of a twenty-two (22) year marriage and a conflict ridden divorce that lasted roughly a decade. . . .
>
> *    *    *

_____

[6] Husband acknowledges "that the record fails to show any evidence of the existence or terms of corporate by laws [sic], corporate meeting minutes, any shareholder voting records on any issues relating to HSD, if any, or whether the adherence to any corporate formalities occurred." (Husband's Brief, at 25).

[7] **See** 15 Pa.C.S.A. § 1528(a),(b) (stating that shares of a business are represented by share certificates and that every shareholder "shall . . . be entitled to a share certificate representing the shares owned by him."); **see also** 15 Pa.C.S.A. § 1521(a) ("Every business corporation shall have power to create and issue the number of shares stated in its articles.").

. . . [A] review of the record in this case provides even more emphasis to [W]ife's concern for the future security of her share in HSD Properties, Inc.

The record fails to show any evidence of the establishment of corporate bylaws [including any bylaws indicating a restriction on corporate shares[8]], the compilation of corporate meeting minutes, the recordation of shareholder votes on any issue relating to HSD, Inc. or [that] the adherence to any corporate formalities exist.

\* \* \*

In the instant case, the [H]usband has not presented evidence of exactly how he can comply with the mandates of the [D]ivorce [D]ecree regarding his ownership of his interest or share of HSD, Inc. other than [W]ife merely trusting [H]usband will preserve her rights.

(Trial Ct. Op., at 7, 10-11; **see also id.** at 12) (quotation marks omitted).

Upon review, we conclude that the trial court's reasoning is sound, and we discern no abuse of discretion in its exercise of power to enforce the terms of the Divorce Decree by ordering transfer of HSD stock. **See** 23 Pa.C.S.A. § 3502(e)(4); **Prol**, **supra** at 551-52.[9]  Accordingly, we affirm the order of the trial court.

_____

[8] (**See** Trial Ct. Op., at 11).

[9] To the extent that Husband contends that the court specifically ordered HSD, a non-party, to act in its December 31, 2013 order, and that it lacked the power to do so, (**see** Husband's Brief, at 21), a review of the order and the record reflects that the court directed **Husband** to take the actions necessary to effectuate the stock transfer.  (**See** Order, 12/31/13, at 1-2).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2014