J-S54036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KENNETH N. BAKER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| CRYSTAL HAYES-BAKER | : | No. 96 WDA 2016 |

Appeal from the Order December 17, 2015
in the Court of Common Pleas of Beaver County,
Civil Division, No(s):  20330-1998

BEFORE:  BENDER, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED OCTOBER 24, 2016**

Kenneth N. Baker ("Baker") appeals, *pro se*, from the Order directing Crystal Hayes-Baker ("Hayes-Baker") to pay Baker $100.00 per month until the total amount of $2,705.00, as part of the parties' divorce settlement, was satisfied.  We affirm.

The trial court set forth the relevant underlying facts:

On July 7, 1998, [Hayes-Baker] filed a Complaint in Divorce against [Baker].  Following an all-claims hearing before the Honorable [Peter] Steege ["Judge Steege"], a Decision and Decree was entered on January 30, 2002.  [Hayes-Baker] was awarded the marital residence and all furniture, goods, and appliances.  [Baker] was awarded 40% of the marital share of [Hayes-Baker's] Incentive Savings Plan with Aetna, a sum of $2,705.00.  [Baker] was incarcerated at the time the Divorce Decree was entered.  [Baker's prison term was due to his repeated threats and harassment of Hayes-Baker.  Baker's convictions included, *inter alia*, recklessly endangering another person and terroristic threats.]

On November 23, 2005, [Baker] filed a Petition for Contempt, alleging that [Hayes-Baker] had not paid him the $2,705.00[,] as ordered.  A hearing was scheduled for November 17, 2005.

That hearing was then continued to January 19, 2005, and again to April 12, 2006, at which time Judge Steege continued the hearing generally.

On March 18, 2015, [Baker] filed [a] Motion to Enforce Settlement. On May 18, 2015, the [trial c]ourt directed [Baker] to file proof that [Hayes-Baker] had been served [with] his Motion. On September 4, 2015, the [trial c]ourt held a hearing on [Baker's] Motion to Enforce. [Baker] was present but [Hayes-Baker] was not. [Baker] testified by phone because he is incarcerated. [Baker] testified that [Hayes-Baker] has remarried and owned property located at 714 18th Avenue, Beaver Falls, Pennsylvania. That hearing was continued to insure that [Hayes-Baker] had received notice.

On September 9, 2015, the [trial c]ourt entered an Order directing [Hayes-Baker] to file a Notice of *Pro Se* Appearance[, listing] her phone number and mailing address. On November 9, 2015, the [trial c]ourt then entered an Order scheduling a hearing on [Baker's] Motion for December 4, 2015. At the hearing[, Hayes-Baker] appeared and [Baker] testified again by phone from SCI Forest. [Baker] testified that [Hayes-Baker] had not paid him the sum of $2,705.00[,] as required by Judge Steege's Decision and Decree.

[Hayes-Baker] testified that there was an attempt to file a Child Support Order[.] [However, in December 2005,] … the Honorable [John] Dohanich [] denied [c]hild [s]upport[,] without prejudice[,] because [Baker] was receiving cash assistance. [Hayes-Baker] testified that she has been responsible for paying for the higher education of the parties' daughter, Christina Scott ["Scott" (d/o/b 11/18/90)]. [Hayes-Baker] further testified that she still had approximately $4,900 left in the Aetna Incentive Savings Plan, which she said was a 401(k) plan. She testified that she intended to use these funds for Scott's graduate education. She further testified that there would be tax consequences and penalties for withdrawing the money from the 401(k) at this time.

The parties' daughter, [] Scott, also testified at the hearing. She testified that in July of 2009[,] after she had graduated [from] high school, she visited her father at a Dairy Queen[,] where he said he wanted [Hayes-Baker] to use the money to pay for her education. She testified that her mother helped with her loans

and payments because they did not have enough money for her education.

Trial Court Order, 12/17/15, at 1-3 (footnote omitted).

Following the hearing, the trial court entered an Order directing Hayes-Baker to make minimum monthly payments of $100.00 to Baker until the total amount of $2,705.00 is satisfied. Baker filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Baker raises the following questions for our review:

I.  Is the trial court being unreasonable to [Baker] by allowing [Hayes-Baker] to make minimum payments to [Baker] instead of the entire amount that has been owed for fourteen years?

II. Should the trial court have ordered a garnishment of funds received by [Hayes-Baker] to insure payment of funds owed?

Brief for Appellant at 7 (capitalization omitted).

We will address Baker's claims together. Baker contends that the trial court erred in allowing Hayes-Baker to make minimum payments, instead of paying the entire amount, despite the fact that the payment was due in 2002. *Id*. at 12. Baker argues that Hayes-Baker is unwilling to pay the monies owed to him, even though she could afford to pay the full amount based upon her salary. *Id*. at 13, 15. Baker asserts that in light of Hayes-Baker's refusal to pay the full amount, the trial court acted unreasonably in

refusing to enforce the arrearages through the garnishment of Hayes-Baker's wages. *Id*. at 14-15, 16.

Here, the trial court set forth the relevant standard of review and law, and determined the equities of the case require Hayes-Baker to fulfill her obligation in $100.00-per-month installments until the full amount is paid. *See* Trial Court Opinion, 2/12/16, at 1-6; Trial Court Order, 12/17/15, at 4-5. The trial court based its finding upon the longevity of the case, the fact that Baker did not assert his rights for ten years, the changed circumstances of the parties over those years, and the taxes and penalties Hayes-Baker would suffer as a result of paying the amount owed in a lump sum. *See* Trial Court Opinion, 2/12/16, at 5-6; Trial Court Order, 12/17/15, at 4-5; *see also Childress v. Bogosian*, 12 A.3d 448, 455 (Pa. Super. 2011) (stating that "it is within the province of the trial court to weigh the evidence and decide credibility[,] and this Court will not reverse those determinations so long as they are supported by the evidence.") (citation omitted). Moreover, Baker has not demonstrated, through any citation to the record, that Hayes-Baker could pay the full amount in a lump sum based upon her salary or that Hayes-Baker would not make the payments as directed by the trial court. Thus, upon our review of the record, we conclude that the trial court did not abuse its discretion or err as a matter of law in allowing Hayes-Baker to pay Baker the amount owed under the payment schedule, and affirm based on its sound reasoning. *See* Trial Court Opinion, 2/12/16, at 1-

- 4 -

6; *see also Schenk v. Schenk*, 880 A.2d 633, 639 (Pa. Super. 2005) (stating that the circumstances of the case must be measured against the objective of effectuating economic justice between the parties to achieve a just determination of their property rights).[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2016

---

[1] We note that Baker also asserts that the trial court should have imposed "sanctions" against Hayes-Baker. Brief for Appellant at 16. However, Baker does not specify the "sanctions" that he seeks in his brief. *See* Pa.R.A.P. 2119(a) (stating that the argument section of the brief must include "such discussion and citation of authorities as are deemed pertinent."). Thus, we conclude that Baker's claim is waived. To the extent that Baker seeks interest on the amount owed, the trial court determined that he is not entitled to interest. *See* Trial Court Opinion, 2/12/16, at 6. Further, to the extent Baker raises claims regarding alimony in his appellate brief, the trial court properly found that alimony was not an issue in this case. *See id*.

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY
PENNSYLVANIA
CIVIL DIVISION – LAW

CRYSTAL HAYES-BAKER,　　　　　　　:

　　　PLAINTIFF　　　　　　　　　　:

　　VS.　　　　　　　　　　　　　　:　　NO.　20330 OF 1998

KENNETH N. BAKER,　　　　　　　　:　　DIVORCE

　　　DEFENDANT　　　　　　　　　　:

TESLA, J.　　　　　　　　　　　　　　　　　　　FEBRUARY 12 , 2016

## RULE 1925(a) OPINION

This Opinion is issued in response to Defendant's Notice of Appeal regarding an Order the Court entered enforcing Defendant's Motion to Enforce against Plaintiff.

### FACTS AND PROCEDURAL HISTORY

The facts and procedural history of this case were presented in detail in the Court's Order dated December 17, 2015, a copy of which is attached to this Opinion as Appendix "A" and which is hereby incorporated as if fully set forth herein. Court's Order, at 1-3 (Dec. 17, 2015).

After the Court entered its Order of December 17, 2015, Defendant filed a Notice of Appeal on January 12 2016. On January 21, 2016, the Court entered an Order directing Defendant to file a Concise Statement of Matters Complained of on Appeal. Defendant filed his Concise Statement on February 1, 2016.

### ANALYSIS

Reading Defendant's Notice of Appeal and Concise Statement together, it appears to the Court that Defendant complains that this Court's Order required Plaintiff to make monthly



payments on the amount owed rather than directing her to make a payment as a lump sum. Defendant also appears to argue that he is entitled to 40% interest on the amount owed.

The Divorce Code provides a court considering matters of divorce considerable discretion in enforcing the Code's provisions. *See, e.g.,* Prol v. Prol, 2007 PA Super 313, ¶ 10, 935 A.2d 547, 551 (2007). Defendant's filing, styled as a "Motion to Enforce," sounds in the manner of a Petition for Special Relief. In Prol, the Superior Court stated:

> We review a trial court's decision to grant special relief in divorce actions under an abuse of discretion standard as follows:
>
>> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.
>
> *Lachat v. Hinchcliffe,* 769 A.2d 481, 487 (Pa.Super.2001) (citation omitted). "An abuse of discretion exists when the trial court has rendered a decision or a judgment which is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias or ill will." *Pratt v. St. Christopher's Hosp.,* 824 A.2d 299, 302 (Pa.Super.2003), *aff'd,* 581 Pa. 524, 866 A.2d 313 (2005).

Id.

The Divorce Code must be construed according to the legislative policies which were expressly enacted with the Code.

> **(a) Policy.**--The family is the basic unit in society and the protection and preservation of the family is of paramount public concern. Therefore, it is the policy of the Commonwealth to:
>
> (1) Make the law for legal dissolution of marriage effective for dealing with the realities of matrimonial experience.
>
> (2) Encourage and effect reconciliation and settlement of differences between spouses, especially where children are involved.

2

(3) Give primary consideration to the welfare of the family rather than the vindication of private rights or the punishment of matrimonial wrongs.

(4) Mitigate the harm to the spouses and their children caused by the legal dissolution of the marriage.

(5) Seek causes rather than symptoms of family disintegration and cooperate with and utilize the resources available to deal with family problems.

(6) Effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights.

**(b) Construction of part.--**The objectives set forth in subsection (a) shall be considered in construing provisions of this part and shall be regarded as expressing the legislative intent.

23 Pa.C.S.A. § 3102.

The Divorce Code expressly provides that the Court must consider equity and justice in effectuating its provisions.

**(f) Equity power and jurisdiction of the court.--**In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this part and *may grant such other relief or remedy as equity and justice require* against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.

23 Pa.C.S.A. § 3323 (emphasis added). Further, the Code provides for the types of remedies which are available to the Court, leaving to the Court's discretion what kind of relief may be granted.

**(e) Powers of the court.--**If, at any time, a party has failed to comply with an order of equitable distribution, as provided for in this chapter or with the terms of an agreement as entered into between the parties, after hearing, *the court may*, in addition to any other remedy available under this part, in order to effect compliance with its order:

(1) enter judgment;

3

(2) authorize the taking and seizure of the goods and chattels and collection of the rents and profits of the real and personal, tangible and intangible property of the party;

(3) award interest on unpaid installments;

(4) order and direct the transfer or sale of any property required in order to comply with the court's order;

(5) require security to insure future payments in compliance with the court's order;

(6) issue attachment proceedings, directed to the sheriff or other proper officer of the county, directing that the person named as having failed to comply with the court order be brought before the court, at such time as the court may direct. If the court finds, after hearing, that the person willfully failed to comply with the court order, it may deem the person in civil contempt of court and, in its discretion, make an appropriate order, including, but not limited to, commitment of the person to the county jail for a period not to exceed six months;

(7) award counsel fees and costs;

(8) attach wages; or

(9) find the party in contempt.

23 Pa.C.S.A. § 3502 (emphasis added).

Thus, "The Divorce Code grants trial courts broad powers to enforce orders of equitable distribution, and provides remedies available against one who fails to comply with a court's order of equitable distribution." Richardson v. Richardson, 774 A.2d 1267, 1270 (Pa.Super.2001). Further, "a petition for special relief is an appeal to the equitable powers of the trial court." Johnson v. Johnson, 864 A.2d 1224 (Pa.Super. 2004), appeal denied, 583 Pa. 690, 878 A.2d 865 (2005).

**Rule 1920.43. Special Relief**

(a) At any time after the filing of the complaint, on petition setting forth facts entitling the party to relief, the court may, upon such terms and conditions as it deems just, including the filing of security,

4

. . .

   (3) grant other appropriate relief.

Pa.R.C.P. 1920.43(a).

> "[P]etitions for special relief are not limited to the period when an action is pending, since it is easily conceivable that, after the final disposition of all matters in the divorce action, a party may need the assistance of the court in enforcing some portion of its order."

Prol, 2007 PA Super 313, ¶ 17, 935 A.2d at 554 (citing Romeo v. Romeo, 417 Pa.Super. 180, 611 A.2d 1325, 1328 (1992)). "Sanctions, however, must be proportionate to the noncompliance at issue 'in light of the positions taken by the parties and the magnitude of the litigation.'" Id. (citing Reilly v. Ernst & Young, LLP, 2007 PA Super 216, ¶ 25, 929 A.2d 1193 (*en banc*)). Thus a court must consider the circumstances of the case in insuring that the relief granted is proportionate. Id.

The Court stated its reasons in its December 17, 2015 Order for ordering monthly payments rather that a lump sum payment.

> This case, however, has been allowed to languish for a great deal of time, with absolutely no activity from 2006 until 2015. Plaintiff testified that the amount in the 401(k) had increased over time and that she would suffer tax ramifications and penalties if required to withdraw the money now from the 401(k). Although the Court will enforce the Divorce Decree, the Court does not believe it would be equitable to impose such ramifications and penalties on Wife where there has been a change of circumstances of the parties over the extensive course of this case. 23 Pa.C.S.A. § 3102 (Divorce Code to be construed in order to consider legislative purposes of promoting the welfare of the family, mitigating the harm to spouses and children, and effecting economic justice). The Court does not believe, with these legislative purposes in mind, that "equity and justice require" an order of a lump sum payment. 23 Pa.C.S.A. § 3323(f). Therefore the Court will not require Plaintiff to make a payment in one large sum which is likely to cause her to incur further unnecessary costs and penalties where Defendant has waited for a period of almost ten years prior to asserting his rights. Rather, the Court will direct Plaintiff to make payments of no less than $100.00 each month until the total of $2,705.00 is satisfied.

Court's Order, at 4-5 (Dec. 17, 2015).

5

In light of the policy objectives of the Divorce Code, the facts and circumstances of this case, and the requirement that the relief granted must be proportionate under the circumstances, the Court was well within its discretion to order that the payments be made month-to-month rather than as a lump sum.

Further, Defendant is not entitled to interest as he requests. The Divorce Decree, dated January 30, 2002, and containing an award for equitable distribution, states, "The Husband is awarded 40 percent of the marital property share of the Wife's incentive Savings Plan with Aetna, with interest at 6 percent, or $2,705."[1] This Court believes the plain meaning of Judge Steege's Divorce Decree is that the sum figure Defendant was entitled to, *after interest*, was $2,705.00, and interprets the Decree accordingly. The Decree also stated that Wife could satisfy that amount from any source. To the extent that Defendant now argues for additional interest to the award, that issue was not developed at the hearing. Although the Court might have had the power to award interest under 23 Pa.C.S.A. § 3502(e)(3), such an order was certainly not required and, given the circumstances as stated in the Court's December 17, 2015 Order, the Court believes such additional interest would have been inequitable for the same reasons the Court ordered the payments to be made monthly rather than all at once.

To the extent that it appears Defendant wishes to use this appeal as a vehicle for a second "Motion to Enforce," an appeal is not the proper procedure to do that. To the extent Defendant makes arguments regarding alimony and support, they are irrelevant as there was no issue of alimony or support at the hearing. The only issue was enforcement of Defendant's right to $2,705.00 per the Divorce Decree's equitable distribution award. To the extent Defendant argues against a laches defense, such a defense was never raised by the Plaintiff nor entertained by the

---

[1] The Divorce Decree was entered, after a hearing, by the Honorable Judge Steege. The Undersigned is assigned this case because Judge Steege has since retired.

6

Court. The Court did not refuse to enforce the Divorce Decree. It entered an Order enforcing the

Divorce Decree by monthly payments, rather than through a lump sum payment, after balancing

the equities of the case.

## CONCLUSION

For the aforementioned reasons, the Court did not abuse its discretion in ordering

monthly payments rather than one lump sum. Defendant's issues should therefore be denied and

the Court's Order affirmed.

BY THE COURT:

_____ J.

2016 FEB 12 P 1: 20

KIM TESLA
JUDGE

BY THE COURT

BEAVER COUNTY, PA
PROTHONOTARY
NANCY KEANE

2016 FEB 12 PM 3: 41

FILED OR ISSUED

7