J-A22013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LORRAINE S. CUMMINGS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY W. CUMMINGS | : | |
| | : | |
| Appellant | : | No. 74 MDA 2020 |

Appeal from the Order Entered December 19, 2019
In the Court of Common Pleas of Tioga County Civil Division at No(s):
372 FS 1984

BEFORE:  SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:  **FILED OCTOBER 06, 2020**

Gary W. Cummings (Appellant) appeals from the order denying his petition for enforcement and contempt, filed in connection with a marital property distribution agreement (Agreement) between Appellant and Lorraine S. Cummings (Wife).  We vacate the order and remand for further proceedings.

The parties married in 1981 and resided at 980 Cummings Creek Road, Middlebury Center, Pennsylvania (the property).  The property was deeded to both Wife and Appellant as co-owners.  The parties separated in May 2016. Wife vacated the property, leaving Appellant in sole possession.

Following a history that is not pertinent to this appeal, the parties executed the Agreement on May 3, 2018.  It included a provision (hereinafter, "paragraph 3") stating Appellant would receive the property and refinance the

mortgage within 90 days, in his name alone. ***See*** Agreement, 5/3/18, at ¶ 3 (granting Appellant "the residence and property situate at 980 Cummings Creek Road, Middlebury Center, PA"). Paragraph 3 also required Appellant to pay the mortgage, taxes, utilities, and homeowners insurance on the property. ***Id.*** In exchange, Appellant agreed to pay Wife $75,000 in equitable distribution, within 35 days of the date of the Agreement. ***Id.*** ¶ 10. Finally, the Agreement contains a separate provision concerning oil and gas rights to the property:

> [Appellant] and Wife verify and agree that [Appellant] shall retain the oil and gas royalties previously received during the period [from] December, 2016 through September, 2017[,] in the approximate amount of $27,529.00. In consideration thereof, the parties agree that they shall authorize SWEPI, LP[1] to release to Wife the oil and gas lease royalty payments currently being held in the approximate amount of $7,741.57, together with any additional oil and gas royalty payments accrued through June 30, 2018. The parties further agree that after June 30, 2018, any and all future sums payable on account of the oil, gas and mineral rights shall be payable solely to [Appellant]. …

***Id.*** ¶ 8 (footnote added) (hereinafter, "the oil and gas provision" or "paragraph" 8).

On May 7, 2018, the trial court entered a final divorce decree. The decree incorporated, but did not merge, the Agreement.

---

[1] SWEPI, LP (hereinafter, "the gas company") is a large energy company that holds a lease to extract oil and gas from the property. The record does not detail the terms of the lease or the gas company's payment obligations.

On August 7, 2018, Wife filed a petition for enforcement and contempt.[2] She averred Appellant violated the terms of the Agreement by failing to (1) pay Wife any amount toward the $75,000 she was owed; (2) refinance the joint mortgage on the property; and (3) make all mortgage and homeowners insurance payments on the property. Wife stated that she had been notified by the bank that foreclosure proceedings were imminent; accordingly, she was forced to make an unspecified number of mortgage payments to prevent foreclosure.

The trial court conducted a hearing on Wife's petitions on September 6, 2018 (hereinafter, the "ED hearing"). At the close of the ED hearing, the court read an order (Property Order) into the record, which modified the Agreement. The Property Order stated, in relevant part,

> [Wife] is granted sole authority to sell or otherwise dispose of the [property] and retain the proceeds therefrom, up to and including … seventy-five [thousand] dollars, plus any expenses associated with keeping up the property and preparing it for sale[.]

> Wife will be the sole and separate owner of the residence of property situate at [980] Cummings Creek Road, Middlebury Center, Tioga County, Pennsylvania.

**See** N.T., 9/6/18, at 17; **see also id.** (obligating Wife to pay the mortgage, taxes, utilities and insurance on the property, and ordering Appellant to pay

_____

[2] Wife filed a substantially similar petition for emergency relief on August 14, 2018.

Wife's attorney's fees of $350). There was no mention in the Property Order concerning entitlement to gas company payments.[3]

On June 17, 2019, Appellant filed a petition for enforcement and contempt (Petition for Enforcement). He asked the trial court to compel Wife to execute a corrected deed to the property, exempting Appellant's right to payments from the gas company, pursuant to the oil and gas provision. Appellant asserted Wife sold the property to the parties' adult son after the Property Order, but the deed did not specify Appellant's right to back or future payments from the gas company. Appellant also sought an award of attorney's fees.

The trial court docket indicates a hearing was held on the Petition for Enforcement on September 26, 2019.[4] The court denied the Petition on December 19, 2019. Appellant filed a timely notice of appeal. Both Appellant and the trial court have complied with the provisions of Pa.R.A.P. 1925.

Appellant presents one issue for our review: "Did the lower court err by failing to enforce as requested paragraph 8 of the [Property] Agreement[,] and Order of May 7, 2018, where only paragraph 3 had been modified by the

_____

[3] Further, this matter was not addressed at the ED hearing.

[4] The certified record does not contain a transcript from this hearing; indeed, Appellant requested only the transcript from the ED hearing. *See Weissberger v. Myers*, 90 A.3d 730, 734 n. 8 (Pa. Super. 2014) (stating it is an appellant's responsibility to ensure the certified record is complete for this Court's review on appeal).

- 4 -

[Property O]rder of September 6, 2018[?]" Appellant's Brief at vi (some capitalization omitted).

At the outset, we observe the trial court stated the Property Order constituted a "modification" of the Agreement. **See** N.T., 9/6/18, at 18. Though orders in equitable distribution are generally non-modifiable, **see Wagoner v. Wagoner**, 648 A.2d 299, 303 (Pa. 1994), a trial court may assert its authority to modify such an order "to effectuate the court's intention in distributing the marital property." **Lowenschuss v. Lowenschuss**, 683 A.2d 1214, 1216 (Pa. Super. 1996); **see also** 23 Pa.C.S.A. § 3102(a)(6) (stating the purpose of equitable distribution in a divorce proceeding is to "effectuate economic justice" between the parties and "insure a fair and just determination and settlement of their property rights."). We have explained,

> under certain circumstances, Pennsylvania permits the trial court to grant special relief in domestic relations cases pursuant to Pa.R.C.P. 1920.43(a). Specifically, special relief is permitted when a party is seeking the benefit of the []trial court's plan for equitable distribution or otherwise requesting the trial court to exercise its equitable powers. **See Wagoner** …, 648 A.2d [at 303] … (holding that where the husband was no longer able to make payments pursuant to equitable distribution order[,] the court should have entertained the husband's petition as one filed under Rule 1920.43(a)); **McMahon v. McMahon**, 706 A.2d 350[, 353] (Pa. Super. 1998) (holding that special relief petition was the proper procedure for the wife to seek a trial court order requiring the husband to sign a sales agreement)[.]

**Sebastianelli v. Sebastianelli**, 876 A.2d 431, 432-33 (Pa. Super. 2005) (citations modified).

Though Appellant did not style his Petition for Enforcement as a prayer for special relief pursuant to Rule 1920.43(a), "[e]quity provides that the court treat as done that which should have been done." **Wagoner**, 648 A.2d at 303. "Relief pursuant to Pa.R.C[].P. 1920.43 is within the discretion of the trial court. This Court will not disturb the trial court's grant of relief absent an abuse of discretion." **McMahon**, 706 A.2d at 353 (citations omitted).[5]

Appellant argues the trial court erred in refusing to compel execution of a corrected deed to the property, where the Property Order modified **only** paragraph 3 in the Agreement, not the oil and gas provision in favor of Appellant. **See** Appellant's Brief at 10-13. Concerning the correct reading of the Agreement (*vis à vis* the Property Order), Appellant contends "the right to royalties awarded in [the oil and gas provision] was not to be altered by the [Property] Order allowing [Wife] to sell the [property] … in order to avoid a foreclosure and gain the $75,000.00 Appellant was to have paid [Wife]." **Id.** at 10; **see also id.** at 11 (asserting Appellant's rights under the oil and gas provision were "unaffected by the subsequent change of ownership of 'the residence'" (*i.e.*, referring to the language of the Property Order)). In the alternative, Appellant argues that "[e]ven if the prior severance and ownership

_____

[5] To the extent this appeal requires us to interpret the Agreement, we are mindful that "[s]ettlement agreements are subject to contract principles. In determining whether the trial court properly applied contract principles, the reviewing Court must decide, based on all the evidence, whether the trial court committed an error of law or abuse of discretion." **Lewis v. Lewis**, 2020 PA Super 140, at \*\*6-7 (Pa. Super. 2020) (citations omitted).

of subsurface [rights] in favor of Appellant is not recognized and enforced, Appellant's right to receive the royalties from [the gas company] should have been … enforced." ***Id.*** at 12.

In drafting the Agreement, the parties saw fit to include the oil and gas provision as an independent clause, **in addition to** paragraph 3, which granted "the residence and property" to Appellant. ***See*** Agreement, 5/3/18, at ¶¶ 3, 8, ***supra***. However, the Property Order was silent regarding entitlement to payments from the gas company; it simply stated, "Wife will be the sole and separate owner of the **residence of property** situate at 980 Cummings Creek Road, Middlebury Center[.]" Property Order, 9/6/18, at 1 (emphasis added). This "residence of property" language is ambiguous and does not specify whether Wife was awarded **all** rights associated with the property, including all payments from the gas company. Indeed, immediately after the trial court read the Property Order into the record at the ED hearing, Wife's counsel sought clarification as to whether the Order displaced or merely modified the Agreement. ***See*** N.T., 9/6/18, at 18. In response, the court explained that the Property Order modified the Agreement, stating, "I'm **only dealing with the house**." ***Id.*** (emphasis added).

Under the Agreement as modified by the Property Order, the extent of the parties' respective ownership is unclear. The Property Order grants Wife the right to sell the property and retain "up to … seventy-five [thousand] dollars, plus any expenses." N.T., 9/6/18, at 18. Based on this language, it

could reasonably be inferred that the trial court did not intend Wife to receive **all** proceeds from the property (including all payments from the gas company).

However, we acknowledge with disapproval that Appellant breached the Agreement, in several respects. He never (1) paid Wife $75,000 in equitable distribution; (2) refinanced the mortgage; or (3) made post-Agreement mortgage payments toward the property, which forced Wife to intervene to prevent foreclosure.[6] Had Appellant performed his contractual obligations, there would be no necessity for intervention by the trial court.

Based on the foregoing and the limited record before us, we are constrained to vacate the Property Order. We remand for the trial court to further develop the record regarding (1) entitlement to payments from the gas company under the Agreement; and (2) the precise amount of Wife's extra mortgage payments, for which she shall receive credit. ***See, e.g., Romeo & Sons v. P.C. Yezbak & Son***, 617 A.2d 1320, 1323 (Pa. Super. 1992) (holding where an ambiguity existed in a contract, the matter was for the trial court to resolve on remand); ***Walton v. Phila. Nat'l Bank***, 545 A.2d 1383, 1390 (Pa. Super. 1988) (same).

---

[6] Though the Agreement gave Appellant the property, Wife's name was still on the deed because Appellant never refinanced the mortgage. The record does not quantify Wife's post-Agreement payments toward the mortgage (hereinafter, "Wife's extra mortgage payments").

Order vacated.   Case remanded for an evidentiary hearing consistent with this memorandum.   Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/06/2020</u>