Alena Marie SEBASTIANELLI,
Appellee

v.

Mario J. SEBASTIANELLI, Appellant

Superior Court of Pennsylvania.

Submitted March 17, 2005.

Filed May 25, 2005.

Joseph J. Notarianni, Scranton, for appellant.

Alena M. Sebastianelli, appellee, Pro Se.

Before: STEVENS, BOWES, and McCAFFERY, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the September 2, 2004 order entered in the Court of

---

Common Pleas of Lackawanna County dismissing Husband's petition for special relief. On appeal, Husband presents the following issue:

> WHETHER A PARENT DESIGNATED AS CUSTODIAN ON A BANK ACCOUNT INTO WHICH MARITAL FUNDS WERE DEPOSITED FOR THE BENEFIT OF A CHILD MAY WITHDRAW SUCH FUNDS AND USE THEM FOR THE PARENT'S OWN PURPOSES.

¶ 2 For the foregoing reasons, we affirm.

¶ 3 The relevant facts and procedural history are as follows: Husband and Wife were married on June 26, 1993, and they had three children. The parties separated, and on September 6, 2001, Wife filed a complaint in divorce seeking, *inter alia*, equitable distribution. A master was appointed, and a hearing was held on March 19, 2003. Following the hearing, on February 23, 2004, the master filed a report and recommendation. In the report, the master indicated, in pertinent part:

> The issue of Wife's alleged removal of funds from a custodial account established for the benefit of her son is not within the purview of this Master's jurisdiction. As this issue concerns proper or improper discharge of a fiduciary responsibility by Wife, the Master does not have the authority to resolve this issue.

Master's Report and Recommendation filed 2/23/04 at 6.

¶ 4 Neither party filed exceptions from the master's report and recommendation. Rather, on May 27, 2004, Husband filed a petition for special relief wherein he al-leged that, prior to the parties' separation, Wife improperly removed funds from the custodial account for her own personal use. Husband requested that the trial court order Wife to return the funds to the account. On July 7, 2004, a final divorce decree was entered, and the trial court specifically incorporated the master's report and recommendation. Following a hearing on August 27, 2004, the trial court dismissed Husband's petition for special relief on September 2, 2004. On September 17, 2004, Husband filed an appeal to this Court from the trial court's September 2, 2004 order, and the trial court filed an opinion indicating that it dismissed Husband's petition because Husband's issue should have been raised in a timely exception to the master's report and not by way of a petition for special relief filed more than ten days after the master's report was filed.[1]

¶ 5 Before addressing Husband's issue, we must determine whether Husband's issue has been properly preserved. After a careful review, we agree with the trial court's conclusion that Husband should have raised his issue in a timely exception to the master's report and that Husband's failure to do so results in waiver of his claim. We adopt President Judge Chester T. Harhut's well-reasoned opinion in this regard and affirm the dismissal of Husband's petition for special relief based thereon.

¶ 6 We note that, under certain circumstances, Pennsylvania permits the trial court to grant special relief in domestic relations cases pursuant to Pa.R.Civ.P. 1920.43(a).[2] Specifically, special relief is

---

**1.** On September 16, 2004, Husband filed a petition for reconsideration of the trial court's September 2, 2004 order. Since an appeal was pending before this Court, the trial court did not address the petition for reconsideration.

**2.** Rule 1920.43(a) provides:

permitted when a party is seeking the benefit of the master's/trial court's plan for equitable distribution or otherwise requesting the trial court to exercise its equitable powers. *See Wagoner v. Wagoner,* 538 Pa. 265, 648 A.2d 299 (1994) (holding that where the husband was no longer able to make payments pursuant to equitable distribution order the court should have entertained the husband's petition as one filed under Rule 1920.43(a)); *McMahon v. McMahon,* 706 A.2d 350 (Pa.Super.1998) (holding that special relief petition was the proper procedure for the wife to seek a trial court order requiring the husband to sign a sales agreement); *Romeo v. Romeo,* 417 Pa.Super. 180, 611 A.2d 1325 (1992) (holding that special relief petition was proper for the wife to seek modification of the sales listing agreements on certain real properties since the properties were not selling). However, as the trial court indicated, Husband was not seeking such special relief in this case. Rather, in essence, Husband requested that the trial court overrule the master's conclusion that jurisdiction over Wife's removal of funds from a custodial account properly lies in the Orphans' Court. Since Husband was challenging the master's conclusion, and not seeking to enforce the master's conclusion, Husband should have filed an exception in this case. His failure to do so results in waiver of the claim on appeal.

¶ 7 Affirmed.

(a) At any time after the filing of the complaint, on petition setting forth facts entitling the party to relief, the court may, upon such terms and conditions as it deems just, including the filing of security,

(1) issue preliminary or special injunctions necessary to prevent the removal, disposition, alienation or encumbering of real or personal property in accordance with Rule 1531(a), (c), (d) and (e); or

(2) order the seizure or attachment of real or personal property; or

(3) grant other appropriate relief.