J-A15017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TODD W. RIOVO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EVELYN I. RIOVO | : | |
| | : | |
| Appellant | : | No. 3578 EDA 2018 |

Appeal from the Order Dated October 23, 2018
In the Court of Common Pleas of Monroe County
Civil Division at No(s):  5708 CV 2013,
731 DR 2013

BEFORE:  BENDER, P.J.E., GANTMAN, P.J.E., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.:                    **FILED JULY 22, 2019**

Appellant, Evelyn I. Riovo ("Wife"), appeals from the order entered in the Monroe County Court of Common Pleas, which denied her petition for special relief in order to modify the overall distribution of marital debts in the divorce decree of Wife and Appellee, Todd W. Riovo ("Husband").  For the following reasons, we affirm.

The relevant facts and procedural history of this case are as follows. Husband and Wife married in August 1979, and on July 11, 2013, Husband filed a complaint for divorce.  On April 27, 2015, a divorce master entered a report and recommendation, which provided for equitable distribution of Husband and Wife's marital assets and debts.  The equitable distribution schedule allotted the marital assets 55/45 in favor of Wife and allocated 55% of the marital debt to Husband and 45% to Wife.  Specifically, the report

---
* Retired Senior Judge assigned to the Superior Court.

stated:

> With regard to the total marital estate the Master computes this at $117,410. A proposed distribution pattern would be 55% to Wife or the sum of $64,575, 45% to Husband or $52,834. Husband's share would be funded with his truck value of $15,000, his pickup $11,047, his tools at $2,000, his life insurance $14,000, the balance of business account $9,000, his CD of $500 or a total of $51,547.
>
> Wife would receive the equity in the house which the Master directs be listed for sale and after payment of mortgage, closing expenses and commission that the net which would be less than $49,000 be ordered to Wife. Wife should also be awarded her retirement fund of $16,863.[1]
>
> &ast; &ast; &ast;
>
> In regard to the school loans which were taken out for the younger daughter's education...the debt which now totals approximately $179,662.58, this is allocated 55% to Husband or the sum of $98,814.42 and 45% to Wife or the sum of $80,848.17.

(**See** Master's Report, filed 4/27/15, at 13-15; R.R. at 15A-17A.) Neither party filed exceptions to the master's report and recommendation. On May 22, 2015, the court approved the report and recommendation and entered a divorce decree, which disposed of the marital property and debt. The parties did not appeal from the decree.

---

[1] The divorce master valued the parties' total marital estate at $117,410. An exact 55/45 split of this number would have awarded Wife with $64,575 and Husband with $52,834. The final distribution of the marital property did not constitute an exact 55/45 split, however. In an attempt to allow each party to keep their personal property and to stay as close to the 55/45 division as possible, the divorce master awarded Husband with his property valued at $51,547, and Wife with her property valued at $65,863.

On July 15, 2015, the parties listed the marital home for sale at an initial price of $149,000.00. At the time, the home had an outstanding mortgage of approximately $96,000.00. Husband had been living in the residence, but he vacated the home in August 2015, and stopped paying all the expenses related to the property. After Husband's departure from the home, Wife assumed payment of the property expenses. By order of the court filed September 2, 2016, Wife was granted a limited power of attorney to execute any and all documents on behalf of Husband with respect to the listing and sale of the former marital residence. The home failed to sell and, per the realtor's suggestion, Wife lowered the listing price. Due to the expenses related to the home, and the lower listing price, Wife determined it was cost-prohibitive to continue making mortgage, tax, and upkeep payments on the home. In late 2017, Wife stopped paying the expenses related to the property.

On March 26, 2018, Wife filed a pleading designated as a "Petition for Special Relief," in which she asked the court to modify the equitable distribution scheme. Specifically, Wife asked the court to restructure the distribution of the student loan debt, because Wife had not received the expected $49,000.00 in equity from the sale of the marital residence, and had therefore not received 55% of the marital assets. Wife sought to restructure the distribution of the student loan debt so that she would be responsible for only 24% and Husband would be responsible for 76%. The court held hearings on Wife's petition on August 2, 2018, and October 22, 2018. On October 23,

2018, the court denied Wife's petition. In its order, the court cited **Maj v. Maj**, 81 Pa.D. & C.4th 383 (Monroe Cty. 2007) as the basis for denying Wife's petition as untimely under 23 Pa.C.S.A. § 3332.[2] Wife filed a timely notice of appeal on November 15, 2018. On November 28, 2018, Wife filed a voluntary concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).

Wife raises the following issues on appeal:

> DID THE TRIAL COURT ABUSE ITS DISCRETION IN DENYING [WIFE]'S PETITION FOR SPECIAL RELIEF ON THE GROUNDS OF "TIMELINESS" AND IN SO DOING, FAILED TO EFFECTUATE ECONOMIC JUSTICE AND EQUITABLE DISTRIBUTION BETWEEN THE PARTIES[?]
>
> DID THE TRIAL COURT ABUSE ITS DISCRETION IN FAILING TO ADDRESS THE MERITS OF [WIFE]'S PETITION FOR SPECIAL RELIEF AND IN SO DOING, REFUSING TO REDISTRIBUTE THE MARITAL DEBT IN ORDER TO EFFECTUATE ECONOMIC JUSTICE AND EQUITABLE DISTRIBUTION BETWEEN THE PARTIES WHERE [WIFE] DID NOT RECEIVE THE EQUITY AWARDED TO HER *VIA* THE DIVORCE DECREE?

(Wife's Brief at 8).

Wife argues the **Maj** opinion is based on an analysis of 23 Pa.C.S.A. § 3332. Wife asserts Section 3332 pertains to a motion to open or vacate a

---

[2] In its order, the court denied Wife's petition as untimely under 23 Pa.C.S.A. § 3332, for the reasons set forth in **Maj, supra**, and without further analysis of its own. Our Supreme Court has consistently explained the need for independent judicial analysis, which is defeated when a trial court fails to articulate its individual reasoning on the case before it. **See A.V. v. S.T.**, 87 A.3d 818, 823 (Pa.Super. 2014). For the same reasons we disapprove of the trial court's wholesale reliance on **Maj, supra** in lieu of providing us with the court's own reasoning on this case.

- 4 -

divorce decree. Wife contends Pa.R.C.P. 1920.43, not Section 3332, governs the timeliness of her petition because she sought to redistribute the marital debt to achieve economic justice between the parties, not to disrupt the divorce master's entire scheme of equitable distribution. Wife further maintains Rule 1920.43 places no time restriction on her filing. Wife reasons the trial court erred in denying her petition as untimely, based on **Maj** and its analysis of Section 3332.

Wife additionally contends that Husband's behavior (*i.e.*, leaving the marital home in a state of disrepair and failing to sign sales documents in a timely manner) prevented Wife from selling the marital home, which in turn denied her the benefit of the equitable distribution scheme. Wife alleges 23 Pa.C.S.A. § 3502(e) provides for relief where one party has failed to comply with an order of equitable distribution. Wife maintains the trial court could have redistributed the marital debt to compensate her for Husband's deleterious conduct because his conduct thwarted the equitable distribution scheme. Wife insists the court retained the authority, under the Rules of Civil Procedure, the Domestic Relations Code, and applicable case law, to grant Wife some relief; and the court's failure to do so constituted an abuse of discretion. Wife concludes this Court should enter an order granting Wife's petition for special relief or, in the alternative, remand the matter to the trial court for a determination on the merits. We cannot agree.

After the divorce decree is final, parties lose their right to litigate

equitable distribution claims stemming from the marriage. ***Justice v. Justice***, 612 A.2d 1354, 1357 (Pa.Super. 1992), *appeal denied*, 533 Pa. 635, 621 A.2d 581 (1993). Section 3503 of the Divorce Code states:

> Whenever a decree or judgment is granted which nullifies or absolutely terminates the bonds of matrimony, all property rights which are dependent upon the marital relation, except those which are vested rights, are terminated unless the court expressly provides otherwise in its decree. All duties, rights and claims accruing to either of the parties at any time theretofore in pursuance of the marriage shall cease, and the parties shall severally be at liberty to marry again as if they had never been married.

23 Pa.C.S.A. § 3503. Thus, as a general rule, "a divorce decree must be either vacated or opened in order for the trial court to consider...economic claims" arising from equitable distribution in the divorce decree. ***Justice, supra***.

"A proceeding to open a divorce decree is equitable in nature, and the appellate court will not reverse an order entered in such a proceeding unless there has been a clear abuse of discretion." ***Egan v. Egan***, 759 A.2d 405, 407 (Pa.Super. 2000) (citing ***Foley v. Foley***, 572 A.2d 6, 9 (1990)). Section 3332 of the Domestic Relations Code governs motions to open or vacate divorce decrees and provides:

### § 3332. Opening or vacating decrees

A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S.[A.] § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack

- 6 -

of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S.A. § 3332. **See also** 42 Pa.C.S.A. § 5505 (stating: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed").

Petitions to open the decree must be filed within 30 days. During this 30–day period, the court holds wide discretion to modify or rescind its decree. The trial court's broad discretion is lost, however, if the court fails to act within 30 days. After this 30–day period, an order can only be opened or vacated if there is fraud or some other circumstance so grave or compelling as to constitute extraordinary cause justifying intervention by the court. … **[A] general plea to economic justice will not satisfy the stringent standard set forth above.** After 30 days, the divorce decree may be vacated only as a result of extrinsic fraud, lack of subject matter jurisdiction, or a fatal defect apparent on the face of the record.

*Melton v. Melton*, 831 A.2d 646, 651 (Pa.Super. 2003) (internal citations and quotation marks omitted) (emphasis added).

By the expression "extrinsic or collateral fraud" is meant some act or conduct of the prevailing party which has prevented a fair submission of the controversy. Among these are the keeping of the defeated party away from court by false promise or compromise, or fraudulently keeping him in ignorance of the action. … The fraud in such case is extrinsic or collateral to the question determined by the

- 7 -

court.

*Justice, supra* at 1358.

Pennsylvania Rule of Civil Procedure 1920.43 governs petitions for special relief and provides:

> ### Rule 1920.43. Special Relief
>
> (a)   At any time after the filing of the complaint, on petition setting forth facts entitling the party to relief, the court may, upon such terms and conditions as it deems just, including the filing of security,
>
>> (1)   issue preliminary or special injunctions necessary to prevent the removal, disposition, alienation or encumbering of real or personal property in accordance with Rule 1531(a), (c), (d) and (e); or
>>
>> (2)   order the seizure or attachment of real or personal property; or
>>
>> (3)   grant other appropriate relief.
>
> *        *        *

Pa.R.C.P. 1920.43.  A party may file a petition for special relief when seeking to **enforce** the court's order for equitable distribution but not for the purpose of modifying the court's equitable distribution of marital property after the divorce decree is final. *Sebastianelli v. Sebastianelli*, 876 A.2d 431, 432-33 (Pa.Super. 2005) (emphasis added) (holding husband's "petition for special relief" was really "petition to modify" divorce decree; husband waived economic claims related to equitable distribution by failing to file exceptions to master's report and recommendation before court entered final decree in divorce).  Petitions for special relief are still available after the final disposition

of all matters in the divorce action, to enforce some portion of the court's order. ***Romeo v. Romeo***, 611 A.2d 1325, 1328 (Pa.Super. 1992) (holding wife's "petition to modify" final divorce decree was really "petition for special relief" to enforce equitable distribution scheme and compel husband to cooperate with distribution of marital property). A party may file a petition for special relief to enforce the findings in a master's report, but if a party wants to challenge the conclusions in the report, the party must file exceptions to that report. ***Sebastianelli, supra*** at 433. These cases make clear that the court must first deduce the proper nature of the pleading and identify the actual relief requested before the court considers the merits of the pleading. ***See id.*** ***See generally Commonwealth v. Porter***, 613 Pa. 510, 35 A.3d 4 (2012) (stating: "Misdesignation does not preclude a court from deducing the proper nature of a pleading").

Instantly, on April 27, 2015, a divorce master issued a report and recommendation on the parties' economic claims, which distributed Husband and Wife's marital assets 55/45 in favor of Wife, and allocated 55% of the marital debt to Husband and 45% to Wife. As part of the division of marital assets, the report also directed the parties to sell the marital residence and awarded the proceeds of the sale (after satisfaction of the mortgage) to Wife. Neither party filed exceptions, so the court entered a divorce decree on May 22, 2015, which approved and adopted the master's report and recommendation and directed the parties to carry out its terms. The parties

did not appeal from the decree. On July 15, 2015, the parties listed the marital residence for sale. By order of the court filed September 2, 2016, Wife was granted a limited power of attorney to execute any and all documents on behalf of Husband with respect to the listing and sale of the former marital residence. After repeated failed efforts to sell the home, Wife filed a petition on March 26, 2018, asking the court to rework the equitable distribution scheme through a reallocation of the marital debt.

Although Wife styled her pleading as a "Petition for Special Relief," per Pa.R.C.P. 1920.43, the relief she sought was essentially a modification of the divorce decree by redistribution of the marital debt. A petition for special relief filed after a divorce decree has been entered is a vehicle for enforcement of the court's order of equitable distribution; it does not serve as a tool to modify the final equitable distribution in a divorce decree. *See Sebastianelli, supra*. *See also McMahon v. McMahon*, 706 A.2d 350 (Pa.Super.1998) (holding special relief petition was properly filed where wife sought trial court order compelling husband to sign sales agreement). Here, Wife was trying to rework the equitable distribution scheme by modifying the marital debt division. This request constitutes an effort to modify the divorce decree. *See Justice, supra*. Therefore, the court properly treated Wife's pleading under 23 Pa.C.S.A. § 3332 as a petition to open or vacate the divorce decree. *See Porter, supra*.

Under Section 3332, Wife had 30 days from the entry of the final divorce

decree to petition the court to open or vacate the decree. *See* 42 Pa.C.S.A. § 5505; 23 Pa.C.S.A. § 3332. Wife filed her petition for special relief on March 26, 2018, three years after the entry of the divorce decree. Further, Wife made no allegations of extrinsic fraud to extend the time to open or vacate the divorce decree to five years. *See id.*; *Melton, supra*. Instead, Wife simply claimed the parties had made a mistake regarding the value of the marital residence and its marketability, which caused Wife to lose out on the expected equity in the home. To compensate for the loss, Wife sought to restructure the distribution of the student loan debt so that she would be responsible for only 24% and Husband would be responsible for 76%. Wife's general plea for economic justice does not satisfy the stringent standard to set aside the divorce decree. *See id.* (stating: "After 30 days, the divorce decree may be vacated only as a result of extrinsic fraud, lack of subject matter jurisdiction, or a fatal defect apparent on the face of the record"). Therefore, the court properly treated Wife's filing as a petition to open or vacate the divorce decree based on the grounds asserted, and subject to the terms and time constraints of Section 3332, and denied relief. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/22/19</u>