J-A03031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARYBETH R. BLASETTI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD J. BLASETTI | : | |
| | : | |
| Appellant | : | No. 1228 EDA 2020 |

Appeal from the Decree Entered April 30, 2020
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  No. CV-2018-000328

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:　　　　　　**FILED MARCH 07, 2022**

Richard J. Blasetti (Husband) appeals from the divorce decree entered in the Delaware County Court of Common Pleas.  Husband contends he was denied his right to a hearing *de novo* following the entry of the divorce hearing officer's report and recommendation concerning the equitable distribution of the martial estate he shares with Marybeth R. Blasetti (Wife).  Husband also requests that, in the alternative, the matter be remanded to the trial court to establish a complete record on his *nunc pro tunc* motion.  **See** Appellant's Brief at 10.  Based on the following, we affirm.

Husband and Wife were married on November 24, 1989, and have two adult children who currently reside with Wife.  **See** Trial Ct. Op., 8/31/21, at 1-2.  Husband is an attorney, employed by Delaware County as a public defender, and is engaged in private practice as a solo practitioner.  **See id.** at

1-2. Wife is a dental hygienist and a preschool teacher's aide. *See id.* at 1. Husband resides at an apartment in Wayne, Pennsylvania, while Wife lives in the former marital residence, also located in Wayne. *See id.*

Wife filed a complaint in divorce on January 16, 2018, under 23 Pa.C.S. § 3301(c) (mutual consent) and (d) (irretrievably broken). *See* Trial Ct. Op. at 2. Husband responded by a filing a counter-affidavit and asserting that the parties were not living separate and apart and the marriage was not irretrievably broken. *See id.* Pursuant to a court order, a special master, Robert A. Turco, Esquire, was appointed and a hearing was held. On June 12, 2019, the special master issued his report and recommendations, in which he "concluded that the overwhelming evidence conclusively demonstrated that the marriage was irretrievably broken" and that date of separation was January 17, 2018. *Id.* at 2 (record citation omitted). Thereafter, on July 9, 2019, the court entered an order, stating that the marriage was irretrievably broken, the date of separation was January 17, 2018, and grounds for divorce had been established. *See* Order, 7/9/19.

On December 10, 2019, an equitable distribution hearing was held before Hearing Officer Edward T. Lawlor, Jr., Esquire (Divorce Hearing Officer). *See* Trial Ct. Op. at 2. Husband appeared *pro se* and Wife was represented by counsel. *See id.* The Divorce Hearing Officer later entered his report and recommendation (DHO Report) regarding the division of the parties' marital

- 2 -

estate, which was dated January 30, 2020, and docketed February 4, 2020.[1]
The February 4th DHO Report was accompanied by a "Notice of Filing of Divorce Hearing Officer's Report and Time in Which to File an Appeal to the Court." The notice provided the following, in relevant part:

> Please be advised that pursuant to Delaware County Rule 1920.54, the following apply:
>
> (ii) The parties to a decision of an Equitable Distribution Master shall have the right to Appeal from the Decision of the Equitable Distribution Master by the filing of a Request For Hearing De Novo within twenty (20) days of the date of entry of the Decision.

Notice of Filing of Divorce Hearing Officer's Report and Time in Which to File an Appeal to the Court, 2/4/20, at 1 (unpaginated).

Subsequently, on February 26, 2020, "with no demand for a hearing *de novo* pursuant to Pa.R.C.P. 1920.55-3(c)[2] filed of record, the [c]ourt entered the [February 4th DHO Report] as an [o]rder." Trial Ct. Op. at 2. The order was docketed on March 2, 2020 (March 2nd Order).

Four days later, Husband filed a *pro se* pleading titled, "Defendant's Appeal From Master's Report," which concisely stated: "The Master's Report

---

[1] The marital estate consisted of the marital residence, a county retirement fund, and two individual retirement accounts. The Hearing Officer recommended "the assets in this case shall be divided on a 55/45 basis in favor of Wife." Divorce Hearing Officer's Report and Recommendation, 2/4/20, at 2 (unpaginated).

[2] As will be discussed in more detail *infra*, Delaware County Rule 1920.54 and Pa.R.C.P. 1920.55-3(c) are substantially similar in language, *i.e.*, that the parties have 20 days to request a hearing *de novo*.

signed by The Honorable Stephanie H. Klein as motion judge on February 26, 2020 and filed on March 2, 2020 is hereby appealed on March 6, 2020." Defendant's Appeal From Master's Report, 3/6/20, at 1 (unpaginated).[3]

On April 30, 2020, the court entered a divorce decree, ordering that Husband and Wife were divorced from the bonds of marriage.

On May 21, 2020, Husband filed another *pro se* document titled "Motion to Set Aside Divorce Decree/For Reconsideration of Divorce Decree/For Appeal of Equitable Distribution Master's Recommendations *Nunc Pro Tunc*."[4] Before the court could dispose of the motion, Husband filed a counseled notice of appeal from the divorce decree.[5]

In a *per curiam* order, this Court quashed the appeal as untimely.[6] **See** Order, 7/24/20. Husband then filed a petition for allowance of appeal to the

---

[3] In its Pa.R.A.P. 1925(a) opinion, the court notes the "docket entry is mislabeled and does not indicate any type of appeal. For 03-06-2020 the docket entry reads: 'Motion – Motion for Appointment of Special Master.'" Trial Ct. Op. at 3 n.1.

[4] On June 16, 2020, Wife filed a motion to quash in response to Husband's motion.

[5] Husband complied with the trial court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

[6] A Rule to Show Cause was originally issued in this matter as to whether the appeal was untimely because instead of filing an appeal, Husband filed the motion for reconsideration. Husband responded that the judicial emergency orders of the Supreme, Superior, and Delaware County Courts suspended time calculations such that his appeal should be considered timely. In the *per curiam* order, this Court indicated the appeal was required to be filed within
*(Footnote Continued Next Page)*

- 4 -

Pennsylvania Supreme Court. In April 2021, the Supreme Court granted Husband's petition and summarily vacated this Court's order, determining that the Delaware County court's judicial emergency order was ambiguous. *See Blasetti v. Blasetti*, 252 A.3d 594 (Pa. 2021). The matter was remanded to this Court and is now pending before us.

Husband identifies the following "issues" in his "Statement of Questions Involved:"

> 1. The entry of the final Decree in Divorce in this matter was done so in error and was a nullity in that:
>
>> a. An Equitable Distribution Master's Report dated February 4, 2020, was never forwarded to [Husband] nor did he ever see a copy of same;
>>
>> b. On or about February 26, 2020, an Order was entered by the [court] adopting the [Divorce Hearing Officer]'s recommendations in equitable distribution as the final Equitable Distribution Order in this matter;
>>
>> c. Almost immediately thereafter, [Husband] filed an Appeal from the [February 4th DHO Report] wherein he sought to appeal the . . . report and the Order of the [trial court] dated February 26, 202[0] but docketed March 2, 2020;

---

30 days of May 1, 2020, but since the 30th day fell on a Sunday, the appeal was required to be filed no later than June 1st. Additionally, the Court stated that "review of the Second Order Extending The Thirty-Second (32nd) Judicial District's Past Declared Emergency order of April 28, 2020 extended the Judicial Emergency in Delaware County until June 1, 2020. Thus, the appeal period was not affected by the Judicial Emergency order of April 28, 2020." Order, 7/24/20. As a result, this Court indicated that since the appeal was not filed until June 4th, three days late, it did not have jurisdiction over the April 30th divorce decree, entered on May 1st. *See id.*

- 5 -

d. On March 9, 2020, despite the pending Appeal from the [February 4th DHO Report], a Praecipe to Transmit Record was filed by [Wife]'s attorney indicating no related claims pending based upon [the court]'s [March 2nd] Order;

e. The Praecipe to Transmit did not reflect the pending Appeal of the Hearing Officer's recommendations and, as such, entry of the final Decree based upon an erroneous Praecipe to Transmit Record renders that Decree a nullity;

f. Subsequently, a final Decree in Divorce was entered by the [court] on April 30, 2020, and received in the afternoon mail by Husband on May 5, 2020;

g. Immediately after securing counsel, Appellant filed a Petition on May 21, 2020, to set aside the Divorce Decree/For Reconsideration of the Divorce Decree/For Appeal of Equitable Distribution Hearing Officer's Recommendations *Nunc Pro Tunc*;

h. Presumably based upon the current pandemic and limited work staff, the Motion to Set Aside still has not been processed and assigned to a Judge for hearing as of the date of the dictation of this 1925(b) statement;

2. Appellant has been deprived of his substantive and procedural due process rights as alleged in the Petition to Set Aside and for Leave to Appeal *Nunc Pro Tunc* in that Appellant did not receive notice of the [Divorce Hearing Officer]'s hearing and, as such was unable to address issues that were not adequately addressed by the Hearing Officer in the Hearing Officer's Report;

3. Based upon the pandemic, Appellant's ability to appeal the [Divorce Hearing Officer]'s Report, the final Order from [the court], and the final Decree in Divorce, have all been substantially and significantly hampered due to the pandemic and the resultant work stoppages and/or slowdowns in the judicial system;

4. Appellant is entitled to a hearing *de novo* on his Equitable Distribution Appeal for the reasons recited hereinabove in full at length;

5. Entry of the final Decree based upon the pendency of a request for Appeal *de novo* from the Hearing Officer's Recommendations,

which had not been resolved of record prior to entry of the final Decree, renders that final Decree a nullity.

Appellant's Brief at 4-6 (footnote omitted).

However, in the argument section of his brief, Husband focuses on two issues – his right to a hearing *de novo* and in the alternative, his request that the matter be remanded to the trial court to establish a complete record. **See** Appellant's Brief at 10. We will confine our analysis to those two claims.

We note that Husband's first argument is contingent on the question of whether he has properly preserved the claim. Husband asserts that he is "entitled to a hearing *de novo* on his equitable distribution appeal based on the procedural machinations which [led] to the inappropriate entry of the final Decree in Divorce." **Id.** at 11. He notes that *nunc pro tunc* relief may be granted where there is a breakdown in the court's operations through a default of its officers. **See id.** at 12. Moreover, he states "it is understood that procedural rules are not ends in themselves, and that the rigid application of those rules does not always serve the interests of fairness and justice[,]" which is why Pennsylvania Rule of Civil Procedure 126 was adopted – to give courts the latitude to overlook any procedural defect that does not prejudice a party's rights. **Id.** at 13.

Turning to his case, Husband alleges that he never received a copy of the February 4th DHO Report. **See id.** at 14. He states that after he received the court's March 2nd Order, which entered the report and recommendation as a court order, he immediately filed a *pro se* appeal of the DHO Report. **See**

*id.* Moreover, he asserts that this pleading "was incorrectly listed on the docket as [a] Motion for Appointment of Special Master rather than a Demand for Hearing *De Novo*." *Id.* Husband states "any casual observer of the docket would not have identified Husband's appeal; however, this pleading effectively placed all parties on notice that the February 4, 2020[,] report [and recommendation] was being appealed. This clerical error mislabeling the appeal as a Motion for Special Master enabled the Delaware County Divorce Administrator to process the defective Praecipe to Transmit." *Id.* at 14-15. Husband maintains that the "systemic failure surrounding the lack of notice of the Divorce Hearing Officer's Report and the error in correctly labeling [his] appeal effectively deprived [him] of his substantive and procedural due process rights." *Id.* at 15. Additionally, he states that because he did not receive notice of the report and recommendation, he "was unable to address issues that were not adequately addressed" in the report, "including, but not limited to, the appropriate valuation of the marital residence." *Id.* Husband concludes that "[t]hese breakdowns in the court's operations are precisely the type of situations meant to be remedies by *nunc pro tunc* filings and the liberal application of the civil rules as provided by" Rule 126. *Id.* at 16.

We begin with the procedural rules governing hearing officer procedures in divorce proceedings. As the trial court mentions, "It is well established law that to preserve issues for appeal related to a Master's Report[,] a party must file exceptions or file a written demand for a hearing *de novo*." Trial Ct. Op.

at 5 (citations omitted). *See* Pa.R.C.P. 1920.55-2(b) ("Within 20 days of the date of receipt or the date of mailing of the hearing officers report and recommendation, whichever occurs first, any party may file exceptions to the report . . . .") *and* 23 Pa.C.S. § 3321 ("The court may appoint a master to hear testimony on all or some issues . . . and to make recommendations and return the same to the court, in which case either party may demand a hearing *de novo* before the court.").

Pennsylvania Rule of Civil Procedure 1920.55-1 states:

(a) Matters referred to a hearing officer for hearing shall proceed as prescribed by Pa.R.C.P. No. 1920.55-2 unless the court by local rule adopts the alternative procedure of Pa.R.C.P. No. 1920.55-3.

(b) The president judge or the administrative judge of Family Division of each county shall certify that all divorce proceedings which are referred to a hearing officer in that county are conducted in accordance with either Pa.R.C.P. No. 1920.55-2 or Pa.R.C.P. No. 1920.55-3. . . .

Pa. R.C.P. 1920.55-1.

The trial court indicates Delaware County has adopted Rule 1920.55-3. *See* Trial Ct. Op. at 8. Pennsylvania Rule of Civil Procedure 1920.55-3 provides, in relevant part:

(c) Within 20 days of the date the hearing officer's report is mailed or received, whichever occurs first, any party may file a written demand for a hearing *de novo*. If a demand is filed, the court shall hold a hearing *de novo* and enter a final decree.

(d) If no demand for *de novo* hearing is filed within the 20-day period, the court shall review the report and recommendation and, if approved, shall enter a final decree.

- 9 -

Pa.R.C.P. 1920.55-3.[7]

As the trial court points out, this case is similar to **Sebastianelli v. Sebastianelli**, 876 A.2d 431 (Pa. Super. 2005). There, the appellee-wife filed a complaint in divorce seeking, *inter alia*, equitable distribution. **See id.** at 432. Following an equitable distribution hearing, the appointed master filed a report and recommendation. **See id.** Neither party filed exceptions. **See id.** Rather, the appellant-husband filed a petition for special relief, wherein he alleged that appellee-wife improperly removed funds from the custodial account for her own personal use. **See id.** The court entered a divorce decree, and specifically incorporated the master's report and recommendation. **See id.** The court thereafter dismissed appellant-husband's petition for special relief. **See id.** The appellant-husband then filed a notice of appeal. **See id.** A panel of this Court affirmed, concluding appellant-husband "should have raised his issue in a timely exception to the master's report and that Husband's failure to do so results in waiver of his claim." **Id.**

_____

[7] Likewise, as mentioned by the trial court, Delaware County Local Rule 1920.54(k)(ii) provides similar language. **See** Trial Ct. Op. at 6 ("The parties to a decision of an Equitable Distribution Master shall have the right of appeal from the decision of the Equitable Distribution Master by the filing of a request for Hearing *de novo* within twenty (20) days of the date of entry of the Decision.").

Turning to the present matter, the DHO Report was docketed on February 4, 2020. The notice attached to the DHO Report informed the parties that they had the right to appeal the decision by filing a request for a hearing *de novo* within 20 days of the date of the decision. **See** Notice of Filing of Divorce Hearing Officer's Report and Time in Which to File an Appeal to the Court at 1. Therefore, the parties had until February 24th to file a request for a hearing *de novo*. Husband did not file a request for a hearing *de novo* within that time period.

Rather, on March 6, 2020, he filed a *pro se* pleading, titled "Defendant's Appeal From Master's Report." A review of the document reveals that Husband did not set forth any explicit language requesting a hearing *de novo*, but merely stated he wanted to appeal the March 2nd order that confirmed the DHO Report. **See** Defendant's Appeal From Master's Report at 1. Furthermore, as the trial court properly notes, even if Husband's March 6th pleading could be construed as a demand for a hearing *de novo*, it was not filed until 11 days after the deadline had run pursuant to Pa.R.C.P. 1920.55-3, thereby still making it untimely. **See** Trial Ct. Op. at 6.[8]

_____

[8] Additionally, Husband's subsequent May 21, 2020, filing titled "Motion to Set Aside Divorce Decree/For Reconsideration of Divorce Decree/For Appeal of Equitable Distribution Master's Recommendations *Nunc Pro Tunc*," which is substantively closer in form to a demand for a hearing *de novo*, also faces the same fate as it is facially untimely. **See** Pa.R.C.P. 1920.55-3(d).

As indicated above, Husband alleges that he never received a copy of the DHO Report. However, a review of the record reveals that the Divorce Hearing Officer mailed the DHO Report to the same address that is listed on the March 2nd order for Husband. Additionally, there was no indication on the docket that any mailings were returned. **See** Docket, 2/4/20 and 3/2/20; **see also** Trial Ct. Op. at 11. As such, the record does not support Husband's contention that there was a breakdown in the court's operations through a default of its officers, and that he should be afforded the remedy of a liberal application of the procedural rules.

We recognize Husband was acting *pro se* at the time the DHO Report was filed and the March 2nd Order was entered. It is well-settled that "[a]ny layperson choosing to represent himself [or herself] in a legal proceeding must, to some reasonable extent, assume the risk that his [or her] lack of expertise and legal training will prove his [or her] undoing." **Smithson v. Columbia Gas of PA/ NiSource**, __ A.3d __, __, 2021 WL 3483301 at *4 (Pa. Super. Aug. 9, 2021). Nevertheless, it merits mention that Husband is a practicing attorney and therefore, should be familiar with legal nuances, such as the procedural rules and the civil docket.

Accordingly, Husband's failure to file a timely written demand for a hearing *de novo* from the DHO Report results in a waiver of his first claim. **See Sebastianelli**, 876 A.2d at 432; **see also** Pa.R.A.P. 302(a) ("Issues not

raised in the trial court are waived and cannot be raised for the first time on appeal.").

As for Husband's second claim, Husband requests this Court remand the matter for trial court to make a complete record. *See* Appellant's Brief at 17. By way of background, Husband filed his "Motion to Set Aside Divorce Decree/For Reconsideration of Divorce Decree/For Appeal of Equitable Distribution Master's Recommendations *Nunc Pro Tunc*" on May 21, 2020, which the trial court treated as a motion for reconsideration. Before the trial court could dispose of that motion, Husband filed his notice of appeal to this Court on June 4th. While the appeal was pending, the trial court sent a letter to this Court, stating:

> The Trial Court scheduled a hearing on the Motions for July 14, 2020. The Notice of Appeal was perfected in the Superior Court and another Common Pleas Judge entered a Pa.R.A.P. 1925 (b) request to [Husband]. However, this matter merits a Hearing in the Trial Court on [Husband]'s *nunc pro tunc* Motion in order to make a trial record as to [Husband]'s notice of the Equitable Distribution Master's Recommendation. Therefore, the undersigned is requesting this matter be remanded in order to establish a more complete trial record.

Letter from the Honorable Linda A. Cartisano to Benjamin D. Kohler, Esq., 7/9/2020, at 1-2 (unpaginated).

In its Rule 1925(a) opinion, the court[9] correctly noted that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties

---

[9] It merits mention that the trial judge who issued the Rule 1925(a) opinion is the same judge who penned the July 9th letter.

may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. *See* Trial Ct. Op. at 3 n.2. "The mere filing of a motion for reconsideration, however, is insufficient to toll the appeal period." *Valley Forge Ctr. Assocs. v. Rib-It/K.P., Inc.*, 693 A.2d 242, 245 (Pa. Super. 1997) (citation omitted). Furthermore, "[i]f a trial court fails to grant reconsideration expressly within the prescribed 30 days, it loses the power to act upon both the petition and the original order." *Id.* (citations omitted). Since the trial court did not **expressly grant** Husband's motion within the prescribed time, it was precluded from considering the motion and requesting this Court remand the matter. Accordingly, we find this argument unavailing and need not address it further.

Decree affirmed.


*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: _3/7/2022_