J-A26036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PATRICIA ARLENE CARDINI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES ARTHUR CARDINI | : | |
| | : | |
| Appellant | : | No. 1187 EDA 2022 |

Appeal from the Order Entered April 4, 2022
In the Court of Common Pleas of Monroe County Civil Division at No(s):
010381-CV-2004,
1249-DR-2004

BEFORE:  BOWES, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED DECEMBER 19, 2022**

Charles Arthur Cardini (Husband) appeals from the order entered in the Court of Common Pleas of Monroe County (trial court) denying his petition for special relief seeking discovery based on the changed financial circumstances of his former wife, Patricia Arlene Cardini (Wife), in the 14 years since the entry of their final Divorce Decree.  We affirm.

**I.**

The relevant facts and procedural history of this case are as follows. The parties were married in October 1990 and separated in October 2004.  At the time of separation, Husband was employed by the United Parcel Service (UPS) as a mechanic and Wife worked as a secretary for the Pocono Mountain

---

[*] Retired Senior Judge assigned to the Superior Court.

School District. Wife filed a complaint in divorce on December 23, 2004, and sought equitable distribution of the parties' marital assets. The Divorce Master held a hearing in June 2006 at which both parties were represented by counsel. The trial court adopted the Master's recommendation that it award 55% of the marital portion of Husband's UPS pension and 401(k) retirement plan to Wife and entered a final Divorce Decree on September 27, 2006.

In the years following the divorce, Husband continued working for UPS, while Wife obtained employment as an administrative assistant in New York City. Upon learning of Wife's change in employment, Husband, in April 2021, sought modification of the equitable distribution award. He averred that discovery proceedings were necessary because Wife "has been employed as an administrative assistant by Fiduciary Trust International [in New York City] for at least the last seven (7) years." (Petition, 4/13/21, at 2). Husband also contended that modification of the September 2006 order may be warranted "given the significant likelihood that [Wife] is now earning a substantially higher salary and is eligible for significantly greater retirement benefits." (*Id.*). Wife filed a response acknowledging that she had obtained employment as an administrative assistant in New York City and asserting that this change is not a basis for modification of the equitable distribution award.

The trial court denied Husband's request for discovery and his request for special relief because reopening of the final equitable distribution decree, entered 14 years earlier, would be inappropriate. It noted that the Master

J-A26036-22

analyzed all of the factors enumerated in Section 3502 of the Divorce Code[1]

in determining the appropriate distribution of Husband's pension plan between

_____

[1] 23 Pa.C.S. § 3502(a) governs the equitable division of marital property and provides as follows:

> (a) **General rule.**—Upon the request of either party in an action for divorce or annulment, the court shall equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such percentages and in such manner as the court deems just after considering all relevant factors. The court may consider each marital asset or group of assets independently and apply a different percentage to each marital asset or group of assets. Factors which are relevant to the equitable division of marital property include the following:

> (1) The length of the marriage.

> (2) Any prior marriage of either party.

> (3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

> (4) The contribution by one party to the education, training or increased earning power of the other party.

> (5) The opportunity of each party for future acquisitions of capital assets and income.

> (6) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

> (7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

> (8) The value of the property set apart to each party.

*(Footnote Continued Next Page)*

- 3 -

the parties. (*See id.* at 7). Moreover, nothing in the petition alleged that the terms of the equitable distribution could not be carried out. Husband timely appealed and he and the trial court complied with Rule 1925. *See* Pa.R.A.P. 1925(a)-(b).

**II.**

On appeal, Husband challenges the trial court's denial of his petition for special relief by contending discovery is necessary to assess Wife's substantially changed circumstances since entry of the 2006 equitable distribution award. Husband maintains that the Master's recommendation was "based on the very meager income generated by [Wife] in 2005 as a secretary in a rural public school district" and he relies on our Supreme Court's decision

_____

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

(10.1) The Federal, State and local tax ramifications associated with each asset to be divided, distributed or assigned, which ramifications need not be immediate and certain.

(10.2) The expense of sale, transfer or liquidation associated with a particular asset, which expense need not be immediate and certain.

(11) Whether the party will be serving as the custodian of any dependent minor children.

23 Pa.C.S. § 3502(a)(1)-(11).

in **Wagoner v. Wagoner**, 648 A.2d 299 (Pa. 1994), to argue that remand is necessary.[2]

Notwithstanding that the Divorce Code includes no provision for modification of a final equitable distribution decree, the trial court has authority to grant special relief concerning a final award where the equitable distribution cannot be effectuated and fairness dictates a reexamination of the circumstances relating to division of the parties' marital property. **See Johnson v. Johnson**, 864 A.2d 1224, 1228-29 (Pa. Super. 2004); **see also** Pa.R.C.P. 1920.43(a) (providing for the grant of special relief).[3] The grant of special relief under Rule 1920.43 is appropriate under circumstances where "a

_____

[2] We review a trial court's ruling on a petition for special relief for an abuse of discretion. **See McMahon v. McMahon**, 706 A.2d 350, 353 (Pa. Super. 1998).

[3] Rule 1920.43(a) provides:

> (a) At any time after the filing of the complaint, on petition setting forth facts entitling the party to relief, the court may, upon such terms and conditions as it deems just, including the filing of security,
>
> > (1) issue preliminary or special injunctions necessary to prevent the removal, disposition, alienation or encumbering of real or personal property in accordance with Rule 1531(a), (c), (d) and (e); or
> >
> > (2) order the seizure or attachment of real or personal property; or
> >
> > (3) grant other appropriate relief.

Pa.R.C.P. 1920.43(a).

party is seeking the benefit of the master's/trial court's plan for equitable distribution or is otherwise requesting the trial court to exercise its equitable powers." *Sebastianelli v. Sebastianelli*, 876 A.2d 431, 432–33 (Pa. Super. 2005).

In this case, Husband relies on *Wagoner* to argue that discovery proceedings must be conducted to shed light on Wife's current financial status and her eligibility for retirement benefits. In *Wagoner*, the trial court ordered in March 1991 that the husband pay $1,000 per month to wife. At that time, husband was employed as an engineer for an airline and earned $5,000 per month, while wife earned $700 per month. In December of that same year, husband lost his job, was relying primarily on unemployment compensation benefits for income, and had developed health issues negatively impacting his ability to find employment.

Our Supreme Court held that given the fact that husband was, as a practical matter, no longer able to make the monthly payments to wife pursuant to the equitable distribution order, the trial court should have at least considered the petition he filed seeking modification as a Rule 1920.43(a) petition, instead of dismissing it out of hand as an appeal from a final order. The Court remanded the case to the trial court for further proceedings.

We agree with the trial court that, unlike in *Wagoner*, which involved months and not 14 years between the entry of the decree, Husband has not alleged any facts in his petition that there exists a substantial risk of his non-

compliance to meet his obligations or that it is not possible to carry out the equitable distribution decree. All that is alleged is that Wife's financial condition has changed because of a job change. A mere change in one of the party's financial situations, up or down, does not justify opening the equitable distribution decree because if that were so, equitable distribution decrees could always be opened. Over time, the parties may change jobs, lose jobs, remarry, divorce again, receive inheritances, all of which change their financial condition, up and down. Those changes are not justification for opening an equitable distribution decree because that decree distributes assets that are part of the marital estate, not what a party accumulates or is entitled to after the marriage has been dissolved.

Accordingly, because nothing has been alleged that Husband cannot comply with the equitable distribution decree, the trial court did not abuse its discretion by denying Husband's petition for special relief and discovery proceedings regarding Wife's job change.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2022

- 7 -