J-A14031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| EMILY BITTNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KURT BITTNER | : | |
| | : | |
| Appellant | : | No. 2498 EDA 2023 |

Appeal from the Decree Entered August 30, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2021-17735

BEFORE:  LAZARUS, P.J., STABILE, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED JULY 23, 2024**

Kurt Bittner ("Husband") appeals, *pro se*, from the decree in divorce entered in relation to the dissolution of his marriage to Emily Bittner ("Wife"). For the reasons that follow, we affirm the divorce decree.

The trial court summarized the relevant factual and procedural history of this matter as follows:

> On November 23, 2022, Caren E. Morrissey, Esquire, [the] equitable distribution hearing officer [("hearing officer")], filed a "hearing officer's report and recommendation . . .."
>
> [In December 2022, Husband and Wife] filed timely exceptions to [the] hearing officer['s] . . . report and recommendation. . . ..
>
> On May 10, 2023, Judge [Daniel] Clifford issued an order appointing an appraiser to conduct a binding appraisal of the parties' marital residence . . ..
>
> On May 18, 2023, Judge Clifford issued a memorandum and order denying [Husband]'s exceptions and also denying [Wife]'s cross-exceptions.  However, Judge Clifford remanded the matter

to the . . . hearing officer so that she could provide Judge Clifford with an updated report and recommendation and proposed divorce decree reflecting the appraised value of the marital residence and the value of a [vehicle] owned by the parties . . . [which had been] inadvertently excluded from the . . . hearing officer's report and recommendation. . . .. Neither party filed a motion for reconsideration or an interlocutory appeal of Judge Clifford's May 10, 2023[,] or May 18, 2023 orders.

On July 11, 2023, [the] hearing officer . . . filed an "amended divorce economic report and recommendation [("amended report and recommendation")]." . . ..

. . . [P]age one . . . of the amended report and recommendation informed the parties that they had the right to file exceptions to the amended report and recommendation within twenty . . . days from July 11, 2023[,] in accordance with Pa.R.C.P. 1920.55[-2](b). No exceptions were filed by either party to the . . . hearing officer's July 11, 2023 amended . . . report and recommendation.

On August 30, 2023, Judge Clifford issued an order recusing himself from the above captioned case and directed . . . court administration to forthwith reassign this case to another judge . . . ..

On August 30, 2023, the chambers of the [Honorable Patricia E. Coonahan] received an e-mail [reassigning the matter to her, and] stating [that] . . . no exceptions [to the amended report and recommendation] were filed.

Since no exceptions to the . . . hearing officer's amended . . . report and recommendation were filed by either party within twenty . . . days of July 11, 2023, . . . [the trial] court issued a divorce decree and order on August 30, 2023 which included the findings made in the July 11, 2023 amended . . . report and recommendation . . ..

Trial Court Opinion, 11/16/23, at 1-3 (unnecessary capitalization omitted).

Husband filed a timely notice of appeal of the divorce decree, and both he and the trial court complied with Pa.R.A.P. 1925.

On appeal, Husband raises the following issues for our review:

1. Did the [trial] court err in allowing submission of a proposed loan on the day of the hearing, which prevented discovery around the validity of this document, impact the decisions of the [trial] court in their equitable distribution and alimony decisions?

2. Did the [trial] court err in not weighing the intentional deferment of income as testified by [Wife] at the equitable distribution hearing in their decision to provide alimony and continue alimony *pendente lite* after the hearing officer[']s . . . report and recommendation was issued?

3. Did the [trial] court err in not applying post separation repayment by [H]usband of joint marital debt to equitable distribution calculations creating an unequitable distribution?

4. Did Judge Clifford err during the exceptions hearing when he brought up his concern on the length of the proceedings and that the value of the home should be reassessed, while neither party in their exceptions raised concern?

5. Did a conflict of interest in this matter exist prior to the exceptions hearing, which later caused Judge Clifford to recuse himself without explanation or reason, requiring the order and decree being filed by Judge Coonahan?

Husband's Brief at 6-7 (unnecessary capitalization omitted).

Preliminarily, we must determine whether Husband preserved his issues for our review. Notably, each of Husband's issues pertains to the equitable distribution hearings conducted — and recommendations and rulings made — in these divorce proceedings. In order to preserve an issue for appeal in divorce proceedings, a party must file a timely exception to a master's report and recommendation pursuant to Rule 1920.55-2(b). The rule provides:

> Within 20 days of the date of receipt or the date of mailing of the hearing officer's report and recommendation, whichever occurs

> first, any party may file exceptions to the report or any part thereof, to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, or to any other matters occurring during the hearing. Each exception shall set forth a separate objection precisely and without discussion. ***Matters not covered by exceptions are deemed waived*** unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters.

Pa.R.C.P. 1920.55-2(b) (emphasis added). "If no exceptions are filed, the court shall review the report and, if approved, shall enter a final decree." Pa.R.C.P. 1920.55-2(d).

Turning to this case, the hearing officer's amended report and recommendation was entered on July 11, 2023. The notice attached to the amended report and recommendation informed the parties that they had the right to file exceptions to the report within twenty days of the date of the mailing. ***See*** Notice of Filing of the Divorce Economic Report and Recommendation, 7/11/23, at unnumbered 1. Therefore, the parties had until July 31, 2023 to file exceptions to the amended report and recommendation. Neither Husband nor Wife filed exceptions within that time period.

Accordingly, Husband's failure to file exceptions from the amended report and recommendation results in a waiver of his claims. ***See Sebastianelli v. Sebastianelli***, 876 A.2d 431, 432 (Pa. Super. 2005) (concluding that husband should have raised his issue in a timely exception to the master's report and that husband's failure to do so resulted in waiver of his claim); ***see also*** Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

- 4 -

Decree affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/23/2024