J-S04030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GINA A. GIULIANI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD J. GIULIANI, JR. | : | No. 1393 EDA 2024 |

Appeal from the Decree Entered April 10, 2024
In the Court of Common Pleas of Montgomery County
Civil Division at No: 2019-04912

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED MAY 19, 2025**

Appellant Gina Giuliani ("Wife") appeals from a divorce decree entered on April 10, 2024, by the Court of Common Pleas of Montgomery County. We affirm.

On September 19, 1993, the parties married in Glenside, Pennsylvania. The parties separated on February 7, 2016. On March 14, 2019, Wife filed a complaint in divorce raising claims for divorce, equitable distribution, alimony, counsel fees, costs and expenses. For valuation of the two marital properties, the parties agreed to joint appraisals to be completed by November 30, 2023.

On December 22, 2023, Wife filed a petition for special relief pursuant to Pa.R.Civ.P. 1920.43 alleging Husband failed to pay the joint appraiser and instead obtained a unilateral appraiser. Wife requested an interim distribution of $50,000 to obtain a new appraiser and a forensic accountant to value the

_____
[*] Retired Senior Judge assigned to the Superior Court.

1

properties in preparation of the equitable distribution hearing. The court denied Wife's petition without a hearing.[1] The parties proceeded to an equitable distribution hearing before a hearing officer between January 8, 2024, through January 11, 2024. At the hearing, the value of the properties was established. On March 19, 2024, the hearing officer entered a report and recommendation which included the valuation and distribution of the marital properties that were the subject of Wife's petition for special relief. The parties were given 20 days from March 19, 2024, to file exceptions. No exceptions were filed. The divorce decree was entered on April 10, 2024. This appeal followed.

On appeal, Wife raises six issues for our review:

1. Whether the trial court erred as a matter of law and/or abused its discretion in denying the petition for special relief filed by [Wife] in this matter on or about December 20, 2023, without scheduling a hearing on the same, at which [Wife] would have had the opportunity to present evidence and testimony in support of her petition and the relief requested therein.

2. Whether the trial court erred as a matter of law and/or abused its discretion in denying the petition for special relief filed by [Wife] in this matter on or about December 20, 2023, thereby depriving [Wife] of the interim distribution of marital property which was required to complete the agreed-upon joint appraisals of the real properties at issue in this matter and retain the services of a forensic accountant prior to the equitable distribution hearing.

---

[1] Pa.R.Civ.P. 1920.43 does not require a hearing before disposition. It is within the court's discretion whether to grant or deny relief. *See Johnson v. Johnson*, 864 A.2d 1224, 1229 (Pa. Super. 2004).

3. Whether the trial court erred as a matter of law and/or abused its discretion in denying the petition for special relief filed by [Wife] in this matter on or about December 20, 2023, thereby preventing the marital estate from being properly valued prior to the equitable distribution hearing in this matter.

4. Whether the trial court erred as a matter of law and/or abused its discretion in failing to schedule a hearing on the emergency motion for reconsideration filed by [Wife] in this matter on December 29, 2023.

5. Whether the trial court erred as a matter of law and/or abused its discretion in entering the Divorce Decree and Order in the matter on April 10, 2024 without considering that the Hearing Officer did not have sufficient information in order to properly value the real properties at issue in this matter before issuing their report and recommendation in this matter.

6. Whether the trial court erred as a matter of law and/or abused its discretion in entering the Divorce Decree and Order in the matter on April 10, 2024 without considering that the Hearing Officer did not have sufficient information in order to properly value the [Husband's] business at issue in this matter before issuing their report and recommendation in this matter.

Appellant's Brief 4–6 (unnecessary capitalization omitted). In sum, Wife challenges (1) the denial of her special relief petition without a hearing; (2) the denial of her motion to reconsider the denial of her special relief petition; and (3) evidentiary issues during the equitable distribution hearing.

Preliminarily, we must determine whether Wife preserved her issues for our review. To preserve an issue for appellate review in divorce proceedings, a party must file a timely exception(s) to a master's report and

recommendation pursuant to Pennsylvania Rule of Civil Procedure 1920.55-2(b), which provides:

> Within 20 days of the date of receipt or the date of mailing of the hearing officer's report and recommendation, whichever occurs first, any party may file exceptions to the report or any part thereof, to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, or to any other matters occurring during the hearing. Each exception shall set forth a separate objection precisely and without discussion. **Matters not covered by exceptions are deemed waived** unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters.

Pa.R.Civ.P. 1920.55-2(b) (emphasis added). Rule 1920.55-2(b) makes clear that any issue not included in exceptions to the master's report is waived. *See Sebastianelli v. Sebastianelli*, 876 A.2d 431, 432 (Pa. Super. 2005); *see also* Pa.R.A.P. 302(a) (issues not raised in the trial court are waived and cannot be raised for the first time on appeal). The rule further provides that if no exceptions are filed, the court shall review the report and, if approved, shall enter a final decree. Pa.R.Civ.P. 1920.55-2(d).

Here, the notice attached to the report and recommendation informed the parties that they had the right to file exceptions to the report within twenty days of the date of the mailing, and if no exceptions are filed, the court would enter a divorce decree. *See* Notice of Filing of the Divorce Economic Report and Recommendation, 3/19/24. Therefore, Wife had until April 8, 2024, to file exceptions to the report and recommendation. Wife did not file exceptions within that period, and a final decree in divorce was entered by the court on April 10, 2024.

We conclude that Wife has waived all issues for appellate review. Her claims regarding the denial of her special relief petition are waived because the substantive issue, *i.e.*, valuation of the marital estate, was addressed during the equitable distribution hearing. As such, Wife was required to file an exception to the equitable distribution report and recommendation to preserve the issues for our review. Because she failed to do so, we find these issues waived. ***Sebastianelli***, ***supra.*** Additionally, "[a]n order denying a motion for reconsideration is not a final order and, thus, not appealable." ***Oliver v. Irvello***, 165 A.3d 981, 983 n.2 (Pa. Super. 2017). Thus, Wife's claim regarding the denial of her reconsideration is not appealable. Finally, any evidentiary issues related to the equitable distribution hearing are waived as well because Wife failed to file exceptions. ***Sebastianelli***, ***supra.***

Decree affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/19/2025