593 A.2d 1312

**Mary Ann REESE**

**v.**

**Clifford Kenneth REESE, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued May 16, 1991.

Filed Aug. 8, 1991.

Francis E. Corbett, Pittsburgh, for appellant.

Candice L. Komar, Pittsburgh, for appellee.

Before CAVANAUGH, DEL SOLE and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the order of the Court of Common Pleas of Allegheny County granting appellee/wife's motion for special relief.  We affirm.

The facts of this case are summarized by the trial court as follows:

Mary Ann Reese [Wife] and Clifford K. Reese, Jr. [Husband] were married April 30, 1976 and separated December 26, 1988. After affidavits of consent were filed by both parties, equitable distribution proceeded on a non-bifurcated basis.

After [a] hearing on June 28, 1990, this court entered a decree *nisi*, distributing the parties' assets and liabilities. Wife filed a motion for post-trial relief which was scheduled for argument on October 19, 1990.

At the time of the argument, Wife presented a motion for special relief. The motion related that the parties in May, 1988 had entered into a lease for a Mercedes–Benz automobile which was driven by Husband. It further related that, as testified to at the June 28, 1990 hearing, the Mercedes had been repossessed. Further, Wife had recently been advised that there was an $11,000.00 deficiency and that the lessor, Wetzel Motor Works, would look solely to her for payment. The motion sought an order making Husband responsible for the payment.

After considering both Wife's motion for special relief and her motion for post-trial relief, this court issued two orders. One order granted the motion for special relief, holding Husband responsible for the Mercedes deficiency; the other denied the motion for post-trial relief, although it indicated that relief would have been warranted were it not for the fact that the Mercedes debt was being imposed on husband.

Lower Court Opinion 12/21/90 at 1–2. Appellant has presented two issues for our review:

1. whether appellee/wife's motion for special relief was effectively a request to consider a new issue not properly raised at trial;

2. whether the failure of plaintiff/wife to raise an issue through exceptions to a decree *nisi* constituted a waiver of that issue.

Because both issues raised are interrelated we will treat them as one.

Pa.R.Civ.P., Rule 1920.43, 42 Pa.C.S.A. provides the proper procedure for filing a motion for special relief. The granting of appropriate special relief under Rule 1920.43 is within the sound discretion of the trial court and is an exercise of its equitable powers. Unless there is an abuse of this discretion, we will not disturb the lower court's decision. *Jawork v. Jawork*, 378 Pa.Super. 89, 96, 548 A.2d 290, 293 (1988).

Appellant argues that the motion for special relief which wife filed was effectively a request to consider a new issue not properly raised at trial. Moreover, he argues that since wife failed to raise the issue in her exceptions to the decree *nisi*, the issue was waived. In *Jawork, supra,* attorney/creditor also argued that the wife had waived an issue raised after the trial court had disposed of the matter and relinquished jurisdiction. The court rejected that argument as specious. *Id.* 378 Pa.Superior Ct. at 94, n. 6, 548 A.2d at 292. The *Jawork* court held that a petition for special relief is not limited to the period when an action is pending. The rule itself (Pa.R.Civ.P. Rule 1920.43) begins *at any time* after the filing of the complaint. *Id.*

In the instant case, wife filed a motion for special relief when she was informed that Wetzel Motor Works was holding her responsible for the deficiency on the Mercedes automobile leased from Wetzel. Once the complaint was filed in this divorce action, a motion for special relief could have been filed at any time. Moreover, wife filed this motion at the earliest possible moment after learning that Wetzel expected her to be solely responsible for the deficiency. Thus, her failure to raise the deficiency issue at trial, or in post-trial motions does not waive the issue.[1] We

---

1. As the trial judge stated in his opinion: since wife's motion for post-trial relief had not been resolved, she alternatively could have sought leave to file a supplemental motion for post-trial relief. Lower court opinion 12/21/90 at 5, n. 1.

therefore find no abuse of discretion in the trial court's granting of special relief.

Order affirmed.