J-S10002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DEBORAH GEARY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL B. GREENSTEIN | : | |
| | : | |
| Appellant | : | No. 1229 WDA 2023 |

Appeal from the Order Entered September 13, 2023
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  FD 20-008902-005

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY OLSON, J.:                    **FILED: April 30, 2024**

Appellant, Michael B. Greenstein ("Husband"), appeals from the September 13, 2023 order granting the petition for special relief filed by his former spouse, Deborah Geary ("Wife"), during post-divorce decree proceedings.  We affirm.

Husband and Wife were married on April 21, 2012.  On October 26, 2020, Wife filed a complaint in divorce, alleging that the marriage was irretrievably broken.  Thereafter, both parties executed affidavits under Section 3301(d) of the Divorce Code consenting to the entrance of a divorce decree.  ***See*** 23 Pa.C.S.A. § 3301(d).  Neither party raised any ancillary claims in their respective filings.  A divorce decree was issued on November 19, 2020.

On August 25, 2023, Wife filed the instant petition for special relief.  In her petition, Wife

aver[red] that[,] since the parties' divorce in 2020, the car, a 2014 Subaru Forester, has continued to be owned by and titled to both parties, but was in the sole control and possession of Husband. Wife attached eight pages of public records showing unpaid parking tickets and tolls associated with the vehicle, the most recent issued by the Edgewood Bor[ough] Police Department on August 22, 2023, just two days before the date of Wife's petition for special relief. Wife requested that the court order Husband to transfer ownership of the vehicle into his sole name within [30] days.

Trial Court Opinion, 12/7/23, at 2 (unnecessary capitalization omitted).

The trial court convened a hearing on Wife's petition on September 7, 2023. Husband did not attend the hearing.[1] Ultimately, the trial court granted Wife's petition, ordering Husband "to transfer into his name the title and registration of [the Subaru Forester] purchased during the parties' marriage." *Id*. at 3. This timely appeal followed.

Husband raises the following issue on appeal:

Whether the trial court erred and/or exceeded its authority by entertaining and subsequently granting [Wife's] petition for special relief absent any jurisdiction to do so?

Husband's Brief at 1 (unnecessary capitalization omitted).

_____

[1] In its 1925(a) opinion, the trial court noted that the Family Court's Client Service Center ("CSC") served Wife's petition on Husband, which not only informed him of the date and time of the hearing, but also provided instructions for filing a response to Wife's petition. The trial court further noted that, despite the CSC's clear instructions, Husband "emailed his response directly to Wife on September 6, 2023, the day before the scheduled presentation of Wife's petition." Trial Court Opinion, 12/7/23, at 2-3. Finally, the trial court stated that, on the day of the scheduled hearing, it waited 30 minutes for Husband, but he did not appear to oppose Wife's petition. *Id.* at 3.

Herein, Husband contends that the trial court committed an error of law in granting Wife's petition for special relief. More specifically, Husband points to the fact that the parties' divorce decree was entered in 2020, three years prior to Wife filing the instant petition. In addition, Husband argues that neither party raised any claim ancillary to their former marriage, namely, economic claims, and, as such, the trial court lacked jurisdiction to consider Wife's petition. We disagree.

Husband's claim on appeal raises a question of jurisdiction,[2] which presents a pure question of law. Thus, our standard of review is *de novo*, our scope of review is plenary. **Johnson v. Johnson**, 864 A.2d 1224, 1228 (Pa. Super. 2004).

A trial court may only "modify or rescind any order within 30 days after its entry." 42 Pa.C.S.A. § 5505. Otherwise, it loses jurisdiction. **Id.** The Divorce Code provides, in relevant part, that

> (a) [t]he courts shall have original jurisdiction in cases of divorce and for the annulment of void or voidable marriages and shall determine, in conjunction with any decree granting a divorce or annulment, the following matters, if raised in the pleadings, and issue appropriate decrees or orders with

---

[2] As noted above, Husband did not file a proper response to Wife's petition and, as such, Husband failed to raise a claim challenging the trial court's jurisdiction prior to the instant appeal. It is well-settled, however, that the issue of subject matter jurisdiction is "not waivable, even by consent, and may be raised by any party or by the court, *sua sponte*, at any stage of the proceeding." **Commonwealth v. Hemingway**, 13 A.3d 491, 496 (Pa. Super. 2011). Hence, Husband's failure to previously raise this claim before the trial court is not detrimental to his current claim on appeal.

reference thereto, and may retain continuing jurisdiction thereof:

> (5) Any other matters pertaining to the marriage and divorce or annulment authorized by law and which fairly and expeditiously may be determined and disposed of in such action.

23 Pa.C.S.A. § 3104(a)(5).

In addition, Rule 1920.43 of the Pennsylvania Rules of Civil Procedure provides, in relevant part, as follows:

> (a) At any time after the filing of the complaint, on petition setting forth facts entitling the party to relief, the court may, upon such terms and conditions as it deems just, including the filing of security,

> ***

> (3) grant other appropriate relief.

Pa.R.C.P. 1920.43(a)(3).  Importantly, this Court previously explained that "[t]he granting of appropriate relief under Pa.R.C.P. 1920.43 . . . . is an exercise of the [trial court's] equitable powers" and the filing of a petition for special relief is "not limited to the period when an action is pending[,]" since "[i]t is easily conceivable that, after the final disposition of all matters in the divorce action, a party may need the assistance of the court in enforcing some portion of its order."  **Jawork v. Jawork**, 548 A.2d 290, 292-293, n.6 (Pa. Super. 1988); **see also Johnson**,  864 A.2d at 1229; **Romeo v. Romeo**, 611 A.2d 1325 (Pa. Super. 1992) (accord).

Upon review, we conclude that Husband's contention that the trial court lacked jurisdiction over Wife's petition for special relief lacks merit.  Pursuant

- 4 -

to Pa.R.C.P. 1920.43(a)(3) and **Jawork**, **supra**, the trial court was permitted to exercise jurisdiction over Wife's petition at any time, even "after the final disposition of all matters in the divorce action." **Jawork**, 548 A.2d at 292, n.6; **see also Reese v. Reese**, 593 A.2d 1312, 1313 (Pa. Super. 1991) (holding that the appellant's argument that appellee/wife's motion for special relief "was effectively a request to consider a new issue not properly raised at trial" was "specious" because "a petition for special relief is not limited to the period when [a divorce] action is pending" and can be filed "at *any time* after the filing of the complaint") (emphasis in original) (citation omitted). This is true even though the divorce decree was entered in 2020 and neither party raised ancillary claims in their filings. **See McNamara v. McNamara**, 2018 WL 2173522 *1, *2 (Pa. Super. 2018) (holding that the trial court had jurisdiction over the appellee/wife's petition for special relief even though "neither party raised a claim for medical benefits in their filings" and the divorce decree was final) (non-precedential decision). Thus, Husband's argument fails.

      Order affirmed. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/30/2024

- 5 -